**UNITED STATES of America,
Appellant,**

v.

**Glen D. DUPRIS, Appellee.**

**In re UNITED STATES of
America, Petitioner.**

**Nos. 81–1699, 81–1771.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 17, 1981.

Decided Nov. 2, 1981.

David L. Bergren, argued, Fort Pierre, S. D., for appellee.

Terry L. Pechota, U. S. Atty., D. South Dakota, Sioux Falls, S. D., William C. Bryson, argued, Atty., Dept. of Justice, Washington, D. C., for the U. S.

Tom D. Tobin, argued, Tobin Law Offices, P. C., Winner, S. D., William W. Shakely, argued, David Albert Mustone, Tobin Law Offices, P. C., Washington, D. C., for the Counties of Dewey, Ziebach, and

Corson, South Dakota, and the County of Sioux, North Dakota, as amici curiae.

Before BRIGHT, HENLEY, and AR- NOLD, Circuit Judges.

BRIGHT, Circuit Judge.

These proceedings involve an application in this court for original writ of mandamus directed to the Honorable Andrew W. Bo- gue, now Chief Judge for the District of South Dakota (No. 81–1771), and an appeal from an order denying the Government's motion to dismiss an information against defendant Glen Dupris on grounds that sig- nificant items of evidence have been lost or misplaced (No. 81–1699). This court must now determine whether in circumstances here presented the district court could re- ject on public interest grounds the Govern- ment's motion to dismiss a criminal charge.

I.  *Background.*

Unusual circumstances underlie the mo- tion to dismiss and its denial by the trial court. On June 1, 1977, the Government filed an information charging Dupris, a ju- venile, with burglary and larceny by break- ing and entering a clothing store in Eagle Butte, South Dakota, within the boundaries of the Cheyenne River Indian Reservation. Thereafter, on October 12, 1977, Dupris moved to dismiss for lack of federal juris- diction to prosecute the crime charged be- cause the place of the offense in Eagle Butte was no longer "Indian country." [1]

Because of the importance of the jurisdic- tional issue affecting law enforcement in this area, the trial court permitted interven- tion by interested parties, including the Cheyenne River Sioux Tribe and several counties in South Dakota and North Dako-

ta. The district court agreed with Dupris' contention and dismissed the action on juris- dictional grounds. *United States v. A Juve- nile,* 453 F.Supp. 1171 (D.S.D.1978).

The Government appealed and this court reversed with one judge on the panel dis- senting. *United States v. Dupris,* 612 F.2d 319 (8th Cir. 1979). Dupris then petitioned the United States Supreme Court for a writ of certiorari.

After this court had filed its opinion and denied a rehearing *en banc,* and while the petition for certiorari remained pending be- fore the Supreme Court, the Government filed a motion to dismiss the information. The United States, represented by the So- licitor General, advised the Supreme Court in its brief in opposition to the petition for writ of certiorari as follows:

At the outset, we note that there is no longer a truly live controversy between the parties. The issue sought to be presented has no practical consequence for petitioner because, on May 2, 1980, the United States Attorney for the Dis- trict of South Dakota moved to dismiss, with prejudice, all pending charges against petitioner. Notwithstanding the action of the United States Attorney, pe- titioner has declined to withdraw the present petition and the district court has declined to rule on the government's mo- tion pending this Court's action on the petition. See Fed.R.Crim.P. 48(a).[4] Ac- cordingly, although the case is not moot, as a technical matter, we submit that this Court ought not entertain on the merits a petition for certiorari to review a decision that cannot adversely affect the appli- cant.

-----

1. Dupris was charged under 18 U.S.C. § 1153, which provides for exclusive federal jurisdic- tion over specified crimes committed by an Indian in Indian country. "Indian country" is in turn defined as follows:

    Except as otherwise provided in sections 1154 and 1156 of this title, the term "Indian country", as used in this chapter, means (a) all land within the limits of any Indian reser- vation under the jurisdiction of the United States Government, notwithstanding the is-

4. Although the United States Attorney in- tended that the dismissal should be with preju-

suance of any patent, and, including rights- of-way running through the reservation, (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territo- ry thereof, and whether within or without the limits of a state, and (c) all Indian allotments, the Indian titles to which have not been ex- tinguished, including rights-of-way running through the same. [18 U.S.C. § 1151 (Supp. III 1979).]

dice, his May 2 motion omitted to so provide in terms. Consequently, an amended motion was filed on May 6, 1980, which motion asks that the information be dismissed "with prejudice on the grounds and for the reasons that nearly three years have elapsed since this suit was filed. Significant items of evidence have been lost or misplaced during that time, witnesses' memories have faded in the interim, and, therefore, the interests of justice will be best served by dismissing said Information." * * * The United States Attorney having re-evaluated his case and having determined that petitioner's prosecution is no longer viable, it is hardly conceivable that the government's motion should not be granted in due course. See *United States v. Cowan*, 524 F.2d 504 (5th Cir. 1975), cert. denied, 425 U.S. 971, 96 S.Ct. 2168, 48 L.Ed.2d 795 (1976).

The Solicitor General's brief also addressed the merits of the jurisdictional issue. The Government argued that the Eighth Circuit applied appropriate legal principles in determining that Eagle Butte, an area within the original boundaries of the Cheyenne River Reservation, had not been disestablished by the 1908 congressional enactment, Act of May 29, 1908, 35 Stat. 460, opening the territory in question to white settlement.

The Supreme Court took the following action on Dupris' petition:

*Certiorari Granted—Vacated and Remanded*

No. 79–6290. DUPRIS *V.* UNITED STATES. C.A. 8th Cir. Motion of Cheyenne River Sioux Tribe of Cheyenne River Reservation for leave to file a brief as *amicus curiae* granted. Motion of petitioner for leave to proceed *in forma pauperis* and certiorari granted. Judgment vacated and case remanded to the United States District Court for the District of South Dakota (Central Division) to consider the question of mootness. Reported below: 612 F.2d 319. [446 U.S. 980, 100 S.Ct. 2959, 64 L.Ed.2d 836 (1980).]

We complied with this mandate and on July 24, 1980, issued the following order:

Pursuant to the directive of the Supreme Court of the United States, the judgment of this court filed November 27, 1979, is hereby vacated, and the cause is remanded to the United States District Court for the District of South Dakota (Central Division) to consider the question of mootness.

Mandate forthwith.

The underlying jurisdictional issue has produced a substantial difference of judicial opinions. As indicated above, Judge Bogue determined that the federal government did not have jurisdiction to prosecute Dupris for a crime committed in Eagle Butte. Judge Heaney and Judge Ross wrote a majority opinion to the contrary, while Judge McMillian, agreeing with Judge Bogue, dissented. The entire court, without opinion, denied a petition for rehearing *en banc.*

To complicate matters, the South Dakota Supreme Court has expressed views consistent with that of Judge Bogue in *Stankey v. Waddell*, 256 N.W.2d 117 (S.D.1977). Understandably, state and federal law enforcement personnel and judges in South Dakota earnestly desire a final decision on whether federal or state authorities have jurisdiction over crimes committed on those parts of the Cheyenne River Reservation which Congress opened to white settlement in the Act of 1908.

## II. *The Ruling of the District Court.*

With that background, we turn to the ruling here in question. With Dupris' petition for a writ of certiorari pending before the Supreme Court, the prosecutor moved to dismiss the information, with prejudice, under Rule 48(a)[2] of the Federal Rules of Criminal Procedure, stating that "nearly three years have elapsed since this suit was filed, significant items of evidence have been lost or misplaced during that time, witnesses' memories have faded in the interim, and, therefore, the interests of justice will be best served by dismissing said Information."

---

**2.** Rule 48(a) provides as follows:

The Attorney General or the United States attorney may by leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant.

On May 28, 1981, the district court denied the motion to dismiss as not in the best interests of the public. The court did not dispute the Government's representation that crucial evidence had been lost, but focused on the importance of resolving the jurisdictional issue in its memorandum opinion:

The jurisdictional issue involved in this case is one that is bound to arise again. It would be ludicrous to make this case moot at this time by granting the Government's motion to dismiss. Certainly, this issue will come before this Court again, at which time this Court would rule the same way it did originally. Even though the decision reached by the Eighth Circuit was a split decision, presumably, the Eighth Circuit would again reverse this Court. At that point the Supreme Court would again be faced with this issue. The question in this case needs to be answered and dismissal at this time would not promote judicial efficiency.

The Supreme Court's vacation of the Eighth Circuit's November 27, 1979 judgment has left this area of the law in a state of confusion. Law enforcement officials must be uncertain whether the land in question and land similarly situated is within federal or state jurisdiction. This situation should not be allowed to continue until another case makes the long trek through a district court and a court of appeals before finally winding up in front of the Supreme Court.

Because of the need for the jurisdictional issue raised by this case to be addressed by the Supreme Court, this Court feels that it would be in the best interests of the public to deny the Government's motion to dismiss. This Court therefore determines that the above-entitled matter is not moot and the Supreme Court

should be advised of this decision. [*United States v. Dupris*, CR77–30056–01, slip op. at 4 (D.S.D. May 28, 1981).]

On this appeal, the Government contends that the trial court exceeded bounds of proper discretion conferred upon it by the "leave of court" language of Fed.R.Crim.P. 48(a). In addition, the Government seeks a writ of mandamus to compel the district court to dismiss the information.

The amici curiae, various counties in South and North Dakota, defend the court's order as an appropriate exercise of discretion.[3] Amici also contest this court's jurisdiction to decide the merits of the Rule 48(a) motion, asserting that Judge Bogue's order is interlocutory and thus nonappealable. Amici further challenge appropriateness of mandamus, on the ground that no exceptional circumstances justify the issuance of a writ. We turn first to the question of the appealability of the order denying the Government's motion to dismiss the information.

### III. *Appealability.*

■ In the unusual circumstances of this case, we hold that the order denying a dismissal of the indictment is appealable under the collateral order doctrine. For all practical purposes, the prosecution in this case has ended. If the district court were to have an opportunity to dismiss this case again for want of federal jurisdiction, and the Government were to appeal, this court would presumably adhere to its prior ruling. The Supreme Court will not likely grant certiorari inasmuch as the underlying controversy, the criminal prosecution, based on the Government's representations, will not adversely affect Dupris.

Alternatively, the district court might force the Government to proceed to trial.[4]

---

**3.** Defendant Dupris does not oppose the Government's motion to dismiss and observes that if the Government fails to obtain a dismissal under Rule 48(a) that Judge Bogue's original dismissal for want of jurisdiction should apply.

**4.** Although the court has some discretion to deny the Government's motion to dismiss under Rule 48(a), it is at least questionable whether the court could force the Government to bring the case to trial. Under circumstances similar to this case, the court in *United States v. Greater Blouse, Skirt & Neckwear Contrac-*

Without the crucial evidence, a verdict of acquittal would surely follow. This appeal thus presents the only avenue by which the trial court's order can effectively be reviewed.

The Government asserts its right to appeal this order denying its motion to dismiss under 28 U.S.C. § 1291 [5] and the collateral order doctrine. *See Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The Supreme Court recently set out the requirements for appealability under that doctrine, as follows:

> We have recently defined this limited class of final "collateral orders" in these terms: "[T]he order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay, supra*, 437 U.S. [463] at 468, 98 S.Ct.

*tors Ass'n*, 228 F.Supp. 483 (S.D.N.Y.1964), observed:

> Even were leave of Court to the dismissal of the indictment denied, the Attorney General would still have the right to adhere to the Department's view that the indictment cannot be supported by proof upon a trial of the merits, and accordingly, in the exercise of his discretion, decline to move the case for trial. The Court in that circumstance would be without power to issue a mandamus or other order to compel prosecution of the indictment, since such a direction would invade the traditional separation of powers doctrine. [*Id.* at 489 (footnote omitted).]

**5.** 28 U.S.C. § 1291 provides as follows:

The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court.

Alternatively, the Government contends that the district court's order is appealable under 18 U.S.C. § 3731, the Criminal Appeals Act. Because we conclude that the Government may take this appeal under 28 U.S.C. § 1291, *see United States v. Busic*, 592 F.2d 13, 25–26 (2d Cir. 1978) (Government permitted to appeal under § 1291 from an order designating an early date for parole eligibility); *United States v. Cowan*, 524 F.2d 504, 505 (5th Cir. 1975), *cert. denied*, 425 U.S. 971, 96 S.Ct. 2168, 48

[2454] at 2457 [57 L.Ed.2d 351] (footnote omitted). See *Abney v. United States*, 431 U.S. 651, 658, 97 S.Ct. 2034, 2039, 52 L.Ed.2d 651 (1977). [*Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 375, 101 S.Ct. 669, 674, 66 L.Ed.2d 571 (1981).]

The order at issue satisfies the requirements of the collateral order doctrine for the following reasons: (1) the order conclusively determined that the Government could not dismiss the prosecution; (2) it resolved an important issue completely separate from the merits of the action, *viz.*, that the Government must proceed with a prosecution notwithstanding an adequate reason for dismissal; and (3) the order is effectively unreviewable on appeal.[6] *See Abney v. United States*, 431 U.S. 651, 657–62, 97 S.Ct. 2034, 2039–2041, 52 L.Ed.2d 651 (1977); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 171–72, 94 S.Ct. 2140, 2149–2150, 40 L.Ed.2d 732 (1974); *Cohen v. Beneficial Industrial Loan Corp., supra*, 337 U.S. at

L.Ed.2d 795 (1976) (order appointing a special prosecutor and denying Rule 48(a) motion appealable by Government under § 1291); *but see United States v. Hetrick*, 644 F.2d 752, 755 (9th Cir. 1981) (Government's appeal of district court's order reducing sentence was properly taken under § 3731, rather than § 1291), we do not address appealability under 18 U.S.C. § 3731.

**6.** Amici argue that the district court's order denying the motion to dismiss will be reviewable under two possible scenarios. First, should the district court again dismiss for want of federal jurisdiction, amici argue, the Government will have, in effect, achieved what it desired. If this court were to reverse that ruling, the district court could then grant the Government's Rule 48(a) motion. Second, amici contend that if the Government were forced to trial and obtained a conviction, it could join the defendant in an appeal on the ground that the case should have been dismissed. Amici do not raise the most likely scenario, *viz.*, that, if forced to trial, the defendant would be acquitted for lack of evidence, a determination that would effectively render moot the Government's appeal of the order denying dismissal. Under any of these possible alternatives, the order denying the Government's motion to dismiss becomes effectively unreviewable as a practical matter. *See Cohen v. Beneficial Industrial Loan Corp., supra*, 337 U.S. at 546, 69 S.Ct. at 1225.

546, 69 S.Ct. at 1225; *cf. United States v. Cowan, supra,* 524 F.2d at 505 (denial of Rule 48(a) motion reviewable under section 1291 in conjunction with appeal of court order appointing special prosecutor).[7] Having found the order denying the Government's motion to dismiss appealable, we now turn to the merits.

## IV. *The Merits.*

Chief Judge Bogue, an able and conscientious district judge, recognizes the importance of obtaining a final ruling on whether the state or federal courts have jurisdiction over crimes committed in Eagle Butte, South Dakota, and other areas within that portion of the Cheyenne River Indian Reservation opened to white settlement. As a practical matter, however, that issue is unlikely to be resolved in the Dupris case.[8] The district court has limited authority to deny a dismissal pursuant to the "leave of court" phrase in Rule 48(a). In *Rinaldi v. United States,* the Court noted the narrow discretion the "leave of court" language confers on the federal courts, stating as follows:

> The words "leave of court" were inserted in Rule 48(a) without explanation. While they obviously vest some discretion in the court, the circumstances in which that discretion may properly be exercised have not been delineated by this Court.

The principal object of the "leave of court" requirement is apparently to protect a defendant against prosecutorial harassment, *e. g.,* charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection. See, *e. g., United States v. Cox,* 342 F.2d 167, 171 (CA5), cert. denied, *sub nom. Cox v. Hauberg,* 381 U.S. 935 [85 S.Ct. 1767, 14 L.Ed.2d 700] (1965); *Woodring v. United States,* 311 F.2d 417, 424 (CA8), cert. denied, *sub nom. Felice v. United States,* 373 U.S. 913 [83 S.Ct. 1304, 10 L.Ed.2d 414] (1963). But the Rule has also been held to permit the court to deny a Government dismissal motion to which the defendant has consented if the motion is prompted by considerations clearly contrary to the public interest. See *United States v. Cowan,* 524 F.2d 504 (CA5 1975); *United States v. Ammidown,* 162 U.S.App.D.C. 28, 33, 497 F.2d 615, 620 (1973). [*Rinaldi v. United States,* 434 U.S. 22, 29–30 n.15, 98 S.Ct. 81, 85, 54 L.Ed.2d 207 (1977).]

In this case, the court did not act to protect the defendant against prosecutorial harassment. Nor was the Government's motion prompted by considerations clearly contrary to the public interest. The Government provided the court with an adequate and proper reason for dismissal:

**7.** Amici rely on *Parr v. United States,* 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377 (1956), and *United States v. Towill,* 548 F.2d 1363 (9th Cir. 1977), to support their argument against appealability of the order in question.

In *Parr v. United States,* the Court held that the defendant could not appeal an order *granting* a motion to dismiss under 28 U.S.C. § 1291 and the collateral order doctrine. 351 U.S. at 519–20, 76 S.Ct. at 916–917. The Court concluded that dismissal of an indictment in one judicial district after the Government obtained a new indictment against the same defendant in another district, could be reviewed after defendant's trial on the second indictment. *Id.*

*Parr* does not control this case. An order *denying* the Government's motion to dismiss differs from an order granting such a motion. While an order granting the motion to dismiss may be reviewed in a final judgment based on another indictment, an order denying the Government's motion to dismiss is effectively unreviewable, because to obtain review, it

forces the Government to proceed with the prosecution, the very thing it seeks to avoid.

*United States v. Towill* does not apply here either. In *Towill,* the court held an order denying a Rule 48(a) motion to dismiss not appealable under 18 U.S.C. § 3731. *United States v. Towill, supra,* 548 F.2d at 1368–69. The court in *Towill,* however, did not address the order's appealability under 28 U.S.C. § 1291 and applied a narrow construction of § 3731, a construction rejected by the Supreme Court. *See United States v. Martin Linen Supply Co.,* 430 U.S. 564, 568, 97 S.Ct. 1349, 1352, 51 L.Ed.2d 642 (1977); *United States v. Wilson,* 420 U.S. 332, 337, 95 S.Ct. 1013, 1018, 43 L.Ed.2d 232 (1975).

**8.** At oral argument, amici indicated that the Supreme Court of South Dakota has a similar case under consideration and that review may be sought in the United States Supreme Court from South Dakota's ruling on the jurisdictional issue.

that the evidence needed for conviction had been lost or misplaced and the memories of key witnesses had faded. The court made no finding of bad faith on the part of the Government. The reason proffered at least supports a dismissal under Rule 48(a), *see Rinaldi v. United States, supra*, 434 U.S. at 30, 98 S.Ct. at 85; *United States v. Greater Blouse, Skirt & Neckwear Contractors Ass'n, supra*, 228 F.Supp. at 486–87, if indeed it does not require it.

■ The Supreme Court declined to rule on the merits of the jurisdictional issue, and remanded the case for a determination of mootness based on the Government's representation that "there is no longer a truly live controversy between the parties." This court likewise remanded for consideration of the question of mootness. From the proceedings on remand it is clear that the government cannot mount a successful prosecution and does not wish to prosecute. The defendant does not wish to be prosecuted. Thus, it follows that there is no longer a truly live controversy between the parties and that under the mandate of the Supreme Court the case should have been dismissed.

While we sympathize with the commendable efforts of Judge Bogue to obtain a final resolution of the troublesome jurisdictional issue with which he was concerned, we remain mindful that courts have authority only to decide live cases and controversies, and we are not at liberty, public interest notwithstanding, to depart from "case and controversy" limits or to go beyond the Supreme Court's mandate.

In the circumstances, we conclude that the district court erred in finding that the case was not moot and in denying the Rule 48(a) motion. Having reached the merits of the appeal, we need not consider the propriety of the extraordinary writ of mandamus and we direct its dismissal. Accordingly, we reverse and remand this case, directing the district court to grant the Government's motion to dismiss the information against Dupris. Each party will bear its own costs.