**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Howard Kenneth SMITH,**
**Defendant–Appellant.**

**No. 94–5651.**

United States Court of Appeals,
Fourth Circuit.

Argued March 10, 1995.

Decided May 26, 1995.

**ARGUED:** Locke Turner Clifford, McNairy, Clifford & Clendenin, Greensboro, NC, for appellant. Benjamin H. White, Jr., Asst. U.S. Atty., Greensboro, NC, for appellings.

**2.** Finally, we find no merit to appellant's various challenges to the district court's evidentiary rul-

lee. **ON BRIEF:** Walter C. Holton, Jr., U.S. Atty., Greensboro, NC, for appellee.

Before HALL and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.

Reversed and remanded by published opinion. Senior Circuit Judge BUTZER wrote the opinion, in which Judge HALL and Judge MOTZ joined.

## OPINION

BUTZNER, Senior Circuit Judge:

The sole issue in this appeal is the effect to be given to the government's motion, made pursuant to Federal Rule of Criminal Procedure 48(a), to dismiss an indictment. Howard K. Smith appeals a judgment convicting him of conspiring to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1). Initially Smith pleaded not guilty and was tried along with four codefendants. During the course of the trial, Smith pleaded guilty and testified against the other four codefendants in accordance with his plea agreement. The jury acquitted the four codefendants. The United States Attorney moved to dismiss the indictment against Smith, who agreed to the motion. Smith subsequently moved to withdraw his guilty plea. The district court denied the government's motion to dismiss the indictment and Smith's motion to withdraw his guilty plea. Ruling that the government's motion to dismiss the indictment was clearly contrary to manifest public interest, the court sentenced Smith to five years' probation, community service, a fine of $5,000, and the statutory assessment of $50. Smith appealed and the government by brief and oral argument supports his appeal. We reverse and remand the case with directions to dismiss the indictment.

I

The standard for reviewing the district court's denial of the motion to dismiss the indictment is abuse of discretion. The court's discretion must be exercised in conformity with Rule 48(a) and the construction that the Supreme Court has placed on the rule. Because the discretion granted by Rule 48(a) involves the constitutional issue of the Separation of Powers Doctrine, a reviewing court must carefully scrutinize the district court's action. In *Newman v. United States*, 382 F.2d 479, 480 (D.C.Cir.1967), Chief Justice Burger, then a circuit judge, wrote: "Few subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made, or whether to dismiss a proceeding once brought."

At common law the prosecutor had absolute power to dismiss a prosecution before the jury was impaneled unless Congress otherwise provided. *See Confiscation Cases*, 74 U.S. (7 Wall.) 454, 457, 19 L.Ed. 196 (1868). The disposition of a prosecutor's motion to dismiss an indictment is now governed by Rule 48(a). An early version of the rule retained the prosecutor's absolute power but required a statement of the reasons for the motion. The Supreme Court substituted the phrase "by leave of court" for the requirement of a statement of reasons. *See generally United States v. Cowan*, 524 F.2d 504, 509–11 (5th Cir.1975). As revised, the rule provides: "The Attorney General or the United States attorney may by leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant."

The amount of discretion conferred by the "leave of court" phrase was addressed by Judge Alfred P. Murrah, then a member of the Tenth Circuit Court of Appeals, sitting by designation in the Fifth Circuit:

[I]t seems altogether proper to say that the phrase "by leave of court" in Rule 48(a) was intended to modify and condition the absolute power of the Executive, consistently with the Framer's concept of Separation of Powers, by erecting a check on the abuse of Executive prerogatives. But this is not to say that the Rule was intended to confer on the Judiciary the power and authority to usurp or interfere with the good faith exercise of the Executive power to take care that the laws are faithfully executed. The Rule was not promul-

gated to shift absolute power from the Executive to the Judicial Branch. Rather, it was intended as a power to check power. The Executive remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated. The exercise of its discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest. In this way, the essential function of each branch is synchronized to achieve a balance that serves both practical and constitutional values.

*Cowan,* 524 F.2d at 513. Applying these principles, the court of appeals reversed the district court's denial of a prosecutor's motion to dismiss an indictment that was predicated on the prosecutor's need to secure the testimony of the defendant in another case.

In *Rinaldi v. United States,* 434 U.S. 22, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977), the Court emphasized the prosecutor's lack of bad faith when it reversed the denial of the government's motion to dismiss an indictment brought against a prisoner who had been convicted and sentenced in violation of the Department of Justice's *Petite* policy. The Court pointed out that the "overriding purposes" of this policy "is to protect the individual from any unfairness associated with needless prosecutions." 434 U.S. at 31, 98 S.Ct. at 86.

Turning to the application of Rule 48(a), the Court explained that the salient issue is whether the decision to terminate the prosecution was tainted by bad faith. The Court concluded that the record did not disclose bad faith because the decision to terminate the prosecution, based as it was on the *Petite* policy, was motivated by considerations that were not "clearly contrary to manifest public interest." 434 U.S. at 30, 98 S.Ct. at 86.

The Court also ventured the opinion that the "principal object of the 'leave of court' requirement [in Rule 48(a)] is apparently to protect a defendant against prosecutorial harassment, *e.g.,* charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's

objection." 434 U.S. at 29 n. 15, 98 S.Ct. at 85 n. 15. The Court's reliance on the nature of the prosecutor's faith—whether good or bad—as a measure for the disposition of a motion to dismiss an indictment is emphasized by its note that it did not consider whether it would be permissible to deny a government's motion that was prompted by considerations clearly contrary to the public interest. The Court did not decide whether dismissal would be proper under these circumstances since even assuming that it would be, the result in *Rinaldi* would have been the same. 434 U.S. at 29 n. 15, 98 S.Ct. at 85 n. 15.

■ The disposition of a government's motion to dismiss an indictment should be decided by determining whether the prosecutor acted in good faith at the time he moved for dismissal. A motion that is not motivated by bad faith is not clearly contrary to manifest public interest, and it must be granted. Although stated slightly differently, we have expressed the same views. "[T]he trial court has little discretion in considering a government motion to dismiss made pursuant to Federal Rule of Criminal Procedure 48(a). It must grant the motion absent a finding of bad faith or disservice to the public interest." *United States v. Perate,* 719 F.2d 706, 710 (4th Cir.1983) (dictum). The disservice to the public interest must be found, if at all, in the motive of the prosecutor. Examples of disservice to the public interest include the prosecutor's acceptance of a bribe, personal dislike of the victim, and dissatisfaction with the jury impaneled. *See In re Washington,* 544 F.2d 203, 212–13 (5th Cir.1976) (Hill, J., dissenting), *vacated and remanded sub nom. Rinaldi v. United States,* 434 U.S. 22, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977); *United States v. Salinas,* 693 F.2d 348, 352–53 (5th Cir.1982).

II

The United States Attorney filed motions to dismiss the indictment against Smith and one of his codefendants, Michael G. Ingino, whose trial had been severed and scheduled at a later date. Before filing the motions, the United States Attorney reviewed the evi-

**160**

dence and conferred with his assistant who tried the case and a county prosecutor who was interested in the case. The court promptly dismissed the indictment against Ingino.

With respect to Smith, the United States Attorney gave two reasons for his motion. First, he pointed to the acquittal of Smith's four codefendants and expressed the opinion that if Smith had not pleaded guilty, he, too, certainly would have been acquitted. Second, the United States Attorney pointed out that after pleading guilty Smith cooperated with the government and testified truthfully. The United States Attorney emphasized that dismissal promoted credibility in future attempts to enlist defendants to plead guilty, cooperate with the government, and truthfully testify in return for lenient treatment. He summed up his reasons as follows: "Obviously, it is not only in the public interest to do what is fair and right, but it is also in the public's interest to encourage persons with knowledge to cooperate with the United States."

The district court made its own assessment of the public interest. It concluded that Smith's guilty plea and corroborating testimony constituted substantial evidence of his guilt. Dismissal of the indictment, the court ruled, would be clearly contrary to manifest public interest. Significantly the court found a lack of bad faith on the part of the United States Attorney.

The reasons advanced by both the government and the district court have laudable objectives. Fair and efficient administration of the criminal laws by the Executive Branch and punishment of the guilty by the Judicial Branch are both in the public interest. Nevertheless, balancing these considerations to determine which interest prevails does not govern the disposition of the prosecutor's motion to dismiss an indictment. Weighing these interests does not give adequate recognition to the Executive in the context of the Separation of Powers Doctrine as it exercises its duty in good faith to take care that the laws are faithfully executed. *See Cowan,* 524 F.2d at 513.

■ The proper application of Rule 48(a) is illustrated in a case involving a motion to dismiss an indictment after the defendant had pleaded guilty and cooperated with the government. The Fifth Circuit reversed an order of the district court that denied the motion. Drawing on the principles explained in *Rinaldi,* 434 U.S. at 30, 98 S.Ct. at 85–86, the court said: "Neither this court on appeal nor the trial court may properly reassess the prosecutor's evaluation of the public interest. As long as it is not apparent that the prosecutor was motivated by considerations clearly contrary to the public interest, his motion must be granted." *United States v. Hamm,* 659 F.2d 624, 631 (5th Cir.1981) (en banc).

■ In the case before us, the United States Attorney was not motivated by considerations clearly contrary to the public interest. A substantial, reasonable doubt about the guilt of a defendant that arose after conviction is evidence of good faith. Denial of a motion based on this reason is error, because it is the duty of the United States Attorney "not simply to prosecute but to do justice." *United States v. Weber,* 721 F.2d 266, 268 (9th Cir.1983). A desire to obtain incriminating testimony is also a proper motive justifying a prosecutor's motion to dismiss an indictment. *Cowan,* 524 F.2d at 513–14 (reversing the district court's denial of the motion).

The judgment of the district court is reversed, and the case is remanded with directions to grant the government's motion to dismiss the indictment.

*REVERSED AND REMANDED.*