# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1890

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　Appellee.　　　　　　　 *
　　　　　　　　　　　　　　　　　*
　　v.　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
Andres Jacobo-Zavala,　　　　　　 *
　　　　　　　　　　　　　　　　　*
　　　　　Appellant.　　　　　　　 *

_____

No. 00-2040

_____

Appeal from the United States
District Court for the
District of Nebraska.

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　Appellee.　　　　　　　 *
　　　　　　　　　　　　　　　　　*
　　v.　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
Rafael Loeza-Gordillo,　　　　　　 *
　　　　　　　　　　　　　　　　　*
　　　　　Appellant.　　　　　　　 *

_____

Submitted: October 23, 2000

Filed: February 23, 2001

_____

Before WOLLMAN, Chief Judge, LAY, and BEAM, Circuit Judges.

_____

WOLLMAN, Chief Judge.

Andres Jacobo-Zavala was convicted of possession with intent to distribute and conspiracy to distribute methamphetamine. Rafael Loeza-Gordillo was convicted of conspiracy to distribute methamphetamine. Both men appeal, arguing that the district court improperly denied leave of court to dismiss the indictment against them under Federal Rule of Criminal Procedure 48(a). We reverse.

**I.**

Police in Omaha, Nebraska, arrested Jacobo-Zavala and Loeza-Gordillo in the course of a controlled delivery of methamphetamine on October 11, 1998. A federal grand jury indicted Jacobo-Zavala for possession with intent to distribute methamphetamine in violation of 21 U.S.C. section 841(a). It indicted both men for conspiracy to distribute methamphetamine in violation of 21 U.S.C. sections 841(a) and 846.

A few days before trial, the parties entered into an agreement whereby the federal indictments would be dismissed and the charges brought in Nebraska state court in exchange for the defendants' guilty pleas. Both men would be subject to a mandatory five-year sentence, a significantly shorter prison term than would be possible under the federal sentencing guidelines. As a matter of courtesy, the prosecutor called the district judge to inform him of the agreement. No record exists of this conversation, and the parties acknowledge that their memories of the conversation are imperfect. The result of the conversation, however, is not in dispute. After telling the district judge that she intended to dismiss the federal indictments because the penalty in state court was, in her opinion, sufficient punishment for the defendants' crimes, the Assistant United States Attorney was given to understand that the district court would not grant leave of court to dismiss the indictment because it did

not consider the dismissal to be in the public interest. The case proceeded to trial, and the defendants were convicted.

The defendants then moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29 based on the district court's refusal to grant leave for the government to dismiss the indictment. The district court denied the motion, stating that because the government had not filed a formal motion to dismiss the indictment, leave had not actually been withheld and that, if leave had been denied, denial was proper because the proposed dismissal would not have been in the public interest. Jacobo-Zavala was sentenced to 168 months in prison on each count, to be served concurrently, and Loeza-Gordillo was sentenced to 151 months in prison.

## II.

Rule 48(a) provides a mechanism for the government to dismiss an indictment, stating, in pertinent part, "[t]he Attorney General or the United States attorney may by leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate." We review a district court's denial of a motion for a Rule 48(a) dismissal for abuse of discretion. United States v. Smith, 55 F.3d 157, 158 (5th Cir. 1995).

The defendants contend that the district court abused its discretion when it refused leave to dismiss the indictment under Rule 48(a). The government argues that because no motion to dismiss was actually filed, the matter was never placed in issue.

Noting that the "by leave of court" clause represents a departure from the common law tradition giving the executive complete control over whether to prosecute an indictment, the Supreme Court has observed that:

The words "leave of court" were inserted in Rule 48(a) without explanation. While they obviously vest some discretion in the court, the circumstances in which that discretion may properly be exercised have not been delineated by this Court. The principal object of the "leave of court" requirement is apparently to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection. But the Rule has also been held to permit the court to deny a Government dismissal motion to which the defendant has consented if the motion is prompted by considerations clearly contrary to the public interest.

Rinaldi v. United States, 434 U.S. 22, 29 n.15 (1977) (per curiam). Thus, courts have recognized two circumstances in which the district court may deny leave to dismiss an indictment: when the defendant objects to the dismissal, and when dismissal is clearly contrary to the manifest public interest. United States v. Gonzalez, 58 F.3d 459, 461 (9th Cir. 1995); United States v. Hamm, 659 F.2d 624, 629 (5th Cir. 1981); see also United States v. Richards, 213 F.3d 773, 786-87 (3d Cir. 2000) ("refusal to dismiss is appropriate only in the rarest of cases"). Because the defendants in this case did not object to dismissal, it is the second basis that we must now consider.

A district court's discretion to deny leave is sharply limited by the separation of powers balance inherent in Rule 48(a) itself, because a district court that denies leave to dismiss an indictment is essentially exercising judicial review of the prosecutor's exercise of executive authority. See id. "'Few subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made, or whether to dismiss a proceeding once brought.'" Id. at 786 (quoting Newman v. United States, 382 F.2d 479, 480 (D.C. Cir. 1967) (Burger, J.)).

As the Ninth Circuit recently observed, the question presented by a challenge to a district court's denial of leave to dismiss an indictment to which the defendant does

not object is "whether, consistent with the separation of powers, the judiciary may encroach upon the right of the executive to make basic decisions as to who may be criminally charged, and with what they may be charged." United States v. Garcia-Valenzuela, 232 F.3d 1003 (9th Cir. 2000).   Although the district court may take into account the public interest concerns created by dismissal of an indictment, it may not substitute its judgment for that of the prosecutor.  Hamm, 659 F.2d at 631.

> [The executive branch] retain[s] broad discretion to enforce the Nation's criminal laws.  They have this latitude because they are designated by statute as the President's delegates to help him discharge his constitutional responsibility to "take care that the Laws be faithfully executed."  U.S. Const. Art. II, § 3.  As a result, the presumption of regularity supports their prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.

United States v. Armstrong, 517 U.S. 456, 464 (1996).

"The decision to dismiss an indictment implicates concerns that the Executive is uniquely suited to evaluate." Gonzales, 58 F.3d at 462.  Because it is the prosecutor, and not the district court, who is primarily responsible for balancing public and individual interests in determining who should be prosecuted, "a district court should be reluctant to deny [her] request." Id.  The court is limited to assessing whether the government's motion is contrary to manifest public interest because it is not based in the prosecutor's good faith discharge of her duties.  United States v. Palomares, 119 F.3d 556, 558 (7th Cir. 1997); Smith, 55 F.3d at 159; Hamm, 659 F.2d at 629-30 (court's discretion limited to circumstances indicating "betrayal of the public interest," such as bribery, inconvenience to the prosecutor, or personal dislike for the victim of a crime).

Our views on the scope of a district court's discretion to deny a Rule 48(a) dismissal on public interest grounds were set forth in United States v. Dupris, 664 F.2d

169, 174 (8th Cir. 1981). In that case, the defendant had raised a challenge to federal jurisdiction based upon the premise that the town of Eagle Butte, South Dakota, was no longer a part of Indian country because it was open to non-Indian settlement, a question with wide-ranging ramifications. Dupris, 664 F.2d at 170. During the four-year period in which the case made its way to the Supreme Court and back to the district court without a resolution of the underlying jurisdictional question, the evidence deteriorated to the point that the prosecutor moved to dismiss the indictment under Rule 48(a). Id. at 170 n.4. Although we agreed with the district court that the public did have an interest in the outcome of the jurisdictional question, we nonetheless reversed its decision to withhold leave of court:

> In this case, the court did not act to protect the government against prosecutorial harassment. Nor was the Government's motion prompted by considerations clearly contrary to the public interest. The Government provided the court with an adequate and proper reason for dismissal: that the evidence needed for conviction had been lost or misplaced and the memories of key witnesses had faded. The court made no finding of bad faith on the part of the government. The reason proffered at least supports a dismissal under Rule 48(a), if indeed it does not require it.

Id. at 174-75 (citations omitted).

We recently emphasized the limited scope of a district court's discretion in ruling on a Rule 48(a) motion to dismiss an indictment, saying, "Indeed, the district court had to grant the motion unless the dismissal 'would be clearly contrary to manifest public interest, determined by whether the prosecutor's motion to dismiss was made in bad faith.'" United States v. Rush, Nos. 00-2557/00-2765, 2001 WL 4352, at *1 (8th Cir. Jan. 19, 2001) (per curiam) (quoting United States v. Goodson, 204 F.3d 508, 512 (4th Cir. 2000)).

Before considering the merits of the defendants' contention that the district court erred in denying leave to dismiss the indictment, we must address the government's

contention that because no Rule 48(a) motion was ever made, the request for leave to file a dismissal was never placed before the district court for decision.

Whatever the precise wording of the conversation between the Assistant United States Attorney and the district court, it is clear that the prosecutor had decided to dismiss the indictments and that her decision not to do so was based solely on her understanding that leave of court would not be granted. The government acknowledges in its brief that it had arrived at an agreement with the defendants, and that its intention to dismiss the indictment was "discouraged" when "[t]he Court . . . stated to the prosecutor what it was likely to do if such a motion were presented for the reasons stated." (Appellee's Brief at 50.) That the district court's infringement on the exercise of the government's executive function did not take place in the context of a formal motion does not diminish that infringement. Given the centrality of the doctrine of separation of powers to the functioning of our government, we will not adopt a rule that allows the judiciary to usurp executive authority so long as it does so off the record and in such a manner as to preclude the ministerial act of filing a formal written motion to dismiss the indictment.

Nor does the language of Rule 48(a) require such formalism. Grammatically, the rule requires that leave of court be obtained before the dismissal is filed: "[The government] may by leave of court file a dismissal of indictment . . . " The rule implies that leave of court is to be obtained prior to filing; it does not require that such leave be obtained through a formal motion. Because the record indicates unequivocally that the dismissal would have been filed had the district court not expressed its decision to deny leave to file it, the defendants' claim does not fail for lack of a formal motion.

We turn then to the question whether the district court abused the narrow discretion granted it by Rule 48(a). In denying the defendants' Rule 29 motion for a verdict of acquittal, the district court explained its reasons for declining to grant leave of court:

> I think I was within my rights. I realize the prosecution has a great deal of discretion with regard to who it's going to prosecute and who it isn't. And I certainly don't want to get involved in that and that's not my intent. But I don't believe the reason advanced here was sufficient. Prosecutors take--U.S. Attorneys or Assistant United States Attorneys take an oath just like judges to uphold the law. And I don't believe that simply because if the stated reason was the only reason and the only one given to me was that the punishment was too severe for the acts involved . . . that that's a valid reason. I don't consider that to be in the public interest. It might be a way to get rid of a whole lot of cases and prosecutions, but that's not why laws are passed. For those reasons I'm denying it.

The district court further noted that, in its opinion, the defendants were no different from others who had been prosecuted in federal court for similar crimes and subjected to federal penalties.

It is clear from the reasons it expressed that the district court denied leave of court because it disagreed with the prosecutor's assessment of what penalty the defendants ought to face. The decision not to prosecute, however, is central to the executive power granted to United States Attorneys. There is no suggestion that the government acted in bad faith or had improper motives in attempting to dismiss the charges, and strategic decisions such as whether defendants ought to be tried in a federal forum are at the heart of the function of prosecution vested in the Executive Branch. Accordingly, we conclude that the district court overstepped its authority and abused its discretion when it withheld leave of court to file a dismissal of the indictment.

The judgment is reversed, and the case is remanded to the district court with directions to vacate the convictions and to grant leave to file a dismissal of the indictment.

-8-

BEAM, Circuit Judge, dissenting.

I agree with most of the court's analysis of existing precedent. However, I believe that applying this precedent to the circumstances of this case requires a different result.

It is true that because of the separation of powers doctrine we apply an attenuated standard when we gauge any abuse of discretion in the denial of a Rule 48(a) motion. Whether a dismissal is contrary to the public interest, or not, must be balanced under this more limited measure. It seems to me, however, that the thrust of the established rule flows in a direction opposite from that which is followed by the court in its opinion.

There are no disputed matters in this case that traditionally fall under the control of the executive branch. Specifically, there are no real issues concerning the strength of the evidence, alternative theories of the law, or other factors that influence questions of guilt or innocence or whether prosecutorial resources should or should not be expended. Indeed, the powers trenched upon by the federal prosecutor's proposed motion are powers assigned to the judicial branch. As noted in <u>Mistretta v. United States</u>, sentencing in a criminal case is "primarily a judicial function." 488 U.S. 361, 390 (1989). Thus, in this case, the public interest will best be served by giving deference to the judicial officer rather than to the prosecutor.

The trial judge is also correct when he notes that prosecutors, like judges, are charged with upholding the law. The prosecutor's behavior in this case was the very antithesis of such a course of conduct. As I understand the facts, the prosecutor's reason for filing the dismissal motion was that she simply disagreed with federal sentencing law as it is applicable to the crimes in question. To thwart the impact of this existing law, she proposed a course of conduct that made less onerous state sentencing statutes applicable. Not only did this proposed action impinge upon federal judicial

prerogatives, it also was intended to circumvent congressional policy directed toward these particular criminal defendants.

In my view, these prosecutorial maneuvers were clearly contrary to manifest public interest, see United States v. Gonzalez, 58 F.3d 459, 461 (9th Cir. 1995), and denial of the motion to dismiss was well within the discretion of the district court. The district court should be affirmed.

Accordingly, I dissent.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.