**UNITED STATES of America,**

v.

**Lea W. FASTOW, Defendant.**

**No. CRIM.A.H–03–150.**

United States District Court,
S.D. Texas,
Houston Division.

Jan. 27, 2004.

---

**14.** See *supra* notes 2 and 3, at 2.

Linda Lacewell, Michael Pauze, Department of Justice, Washington, DC, for United States of America.

Mike Deguerin, Paul Nugent, Foreman Degeurin and Nugent, Andrew Jefferson, Attorney at Law, Houston, TX, for Defendant.

### ORDER ON UNOPPOSED MOTION TO DISMISS COUNTS WITHOUT PREJUDICE

HITTNER, District Judge.

Pending before the Court is the Unopposed Motion to Dismiss Counts 1–5 filed by the United States of America.[1] Having considered the motion, submissions, and applicable law, the Court determines that its ruling on the Motion to Dismiss Counts 1–5 will be deferred and addressed immediately following Defendant Lea Fastow's sentencing hearing.[2]

### BACKGROUND

Defendant Lea Fastow entered a plea of guilty to count 6 of the indictment, filing a false income tax return, on January 14, 2004. The Defendant's plea of guilty is entered subject to a plea agreement with the United States of America ("Government") pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The Court accepted the Defendant's plea of guilty, but reserved its ruling on the propriety of the parties' proposed plea agreement until completion of a full pre-sentence investigation by the United States Probation Office. The Court then ordered Defendant to appear before the Court for sentencing on April 7, 2004.

Subsequent to the Court's acceptance of Defendant's guilty plea, the Government orally moved, pursuant to the parties' plea agreement, to dismiss counts one through five of the indictment without prejudice.[3]

---

1. Although the United States filed the instant motion, the Unopposed Brief Supporting Motion to Dismiss Counts 1–5 was filed by Defendant Lea Fastow.

2. Mrs. Fastow's sentencing hearing is currently scheduled at 10:00 a.m. on April 7, 2004.

3. The proposed plea agreement between the parties states that "[t]he Department [of Justice] will move following entry of the Defen-

The Court initially denied the Government's oral motion, but indicated its willingness to revisit the issue upon receipt of a memorandum of law from the parties. Accordingly, the Government renewed its motion to dismiss in writing stating it is now moving for dismissal of counts one through five without prejudice pursuant to Federal Rule of Criminal Procedure 48(a) because it believes, *inter alia*, dismissal "would serve the public interest." [4]

## LAW AND ANALYSIS

Federal Rule of Criminal Procedure 48(a) states "[t]he government may, with leave of court, dismiss an indictment, information or complaint." FED. R. CRIM. P. 48(a). Dismissals under Rule 48(a) are not final judgments for appellate purposes. 28 U.S.C. § 1291 (2000); *see also United States v. Welborn*, 849 F.2d 980, 983, 984 n. 3 (5th Cir.1988).

 In this case, the parties argue that the Court must grant a motion to dismiss counts without prejudice as part of a plea agreement. However, this statement misconstrues Rule 48(a)'s leave of court requirement, which allows judicial discretion to be exercised over a motion to dismiss an indictment. *United States v. Jacobo–Zavala*, 241 F.3d 1009, 1011 (8th Cir.2001); *United States v. Gonzalez*, 58 F.3d 459, 461 (9th Cir.1995); *Welborn*, 849 F.2d at 983; *United States v. Salinas;* 693 F.2d 348, 351 (5th Cir.1982). Judicial determination regarding dismissal of an indictment is reviewed for an abuse of discretion. *Rinaldi v. United States*, 434 U.S. 22, 32, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977); *Jacobo–Zavala*, 241 F.3d at 1011; *Gonzalez*, 58 F.3d at 461; *United States v. Smith*, 55 F.3d 157, 158 (4th Cir.1995); *United States v. Cowan*, 524 F.2d 504, 515 (5th Cir.1975). A court's discretion to deny leave is limited by the balance of separation of powers because the court's denial of leave to dismiss an indictment equates to judicial review of an inherent executive authority. *Jacobo–Zavala*, 241 F.3d at 1012; *Gonzalez*, 58 F.3d at 462; *Smith*, 55 F.3d at 158; *Welborn*, 849 F.2d at 983; *United States v. Hamm*, 659 F.2d 624, 628–29 & n. 13 (5th Cir.1981). In an opposed motion, the purpose of "leave of court" is to protect a defendant against prosecutorial harassment via charging, dismissing, and recharging. *See Rinaldi*, 434 U.S. at 29 n. 15, 98 S.Ct. 81; *Jacobo–Zavala*, 241 F.3d at 1012; *Gonzalez*, 58 F.3d at 461, 462; *Smith*, 55 F.3d at 159; *Welborn*, 849 F.2d at 983; *Hamm*, 659 F.2d at 628. In an unopposed motion, the Court has discretion if the government's motion is prompted by *considerations clearly contrary to the manifest public interest*, determined by whether the prosecutor's motion to dismiss was made in bad faith. *Rinaldi*, 434 U.S. at 30, 98 S.Ct. 81; *Jacobo–Zavala*, 241 F.3d at 1012; *Gonzalez*, 58 F.3d at 461; *Smith*, 55 F.3d at 159; *Welborn*, 849 F.2d at 983 n. 2; *Hamm*, 659 F.2d at 629; *Cowan*, 524 F.2d at 514.

---

dant's guilty plea to dismiss Counts One through Five of the Indictment, without prejudice. The Defendant agrees that, should the government re-charge her with the offenses alleged in Counts One through Five, she will not challenge the prosecution of any such charges based on any claim under the statute of limitations, and waives any claim she may have in that regard. The Department will move after the sentencing of Andrew Fastow to make the dismissal of Counts One through Five of the Indictment be with prejudice."

**4.** Specifically, both the unopposed motion and briefing outline the reasons to dismiss as: (1) "serv[ing] the public interest," (2) the plea agreement "facilitated the global resolution of the criminal cases of this defendant and her husband Andrew Fastow, and helped obtain Andrew Fastow's cooperation in the investigation and prosecution of other persons," and (3) this is part of a " 'global' settlement of other issues, including three other pending cases: SEC v. Andrew Fastow and two civil forfeiture cases."

■ Prosecutors are primarily responsible for balancing the public and individual interests at stake in a particular prosecution. *Jacobo–Zavala*, 241 F.3d at 1013; *Gonzalez*, 58 F.3d at 463. Thus, the determination of the "public interest" belongs to the prosecution. *Hamm*, 659 F.2d at 633. While the prosecution does not have the burden of proof to show that dismissal is in the public interest, it is under a duty to provide sufficient reasons to the court that amount to more than a mere conclusory interest. *Welborn*, 849 F.2d at 983; *Salinas*, 693 F.2d at 352. A naked assertion either that justice will be served by dismissal or re-indictment will be obtained is not enough. *Id.*

■ Without clear evidence to the contrary, trial courts are to presume that prosecutors have properly discharged their duties. *Jacobo–Zavala*, 241 F.3d at 1012. The trial court may weigh the public interest concerns created by dismissal of the indictment, but it should not substitute its own judgment for that of the prosecutor. *Jacobo–Zavala*, 241 F.3d at 1012; *Hamm*, 659 F.2d at 631. Thus, courts are limited to assessing whether dismissal is contrary to the manifest public interest because it is not grounded in good faith. *Jacobo–Zavala*, 241 F.3d at 1013; *Smith*, 55 F.3d at 159 (stating "[t]he disservice to the public interest must be found, if at all, in the motive of the prosecutor"); *Hamm*, 659 F.2d at 629–30 (limiting court's discretion to deny leave to circumstances such as bribery, inconvenience to the prosecutor, or personal dislike of the victim of a crime); *Cowan*, 524 F.2d at 513.

■ In support of their motion to dismiss, the parties cite numerous cases discussing Federal Rule of Criminal Procedure 48(a). However, these opinions are factually distinguishable from the instant case. The majority of the cases cited by Defendant involve one or more of the following facts, which are not currently at issue in the instant case: (1) dismissal of the entire indictment against the Defendant; (2) personal cooperation with the Government by the Defendant;[5] and (3) motion to dismiss made by the Government at or after the time of sentencing. *See, e.g., United States v. Jacobo–Zavala*, 241 F.3d 1009 (8th Cir.2001) (declaring an abuse of discretion by trial judge to refuse to allow dismissal of a federal indictment in exchange for a state indictment, which carried lesser term of incarceration, pursuant to parties' plea agreement with government); *United States v. Gonzalez*, 58 F.3d 459 (9th Cir.1995) (finding abuse of discretion where trial court refused to grant government's motion to dismiss one of three counts made at the time of sentencing against a cooperating defendant who pleaded guilty and would otherwise be subject to deportation); *United States v. Smith*, 55 F.3d 157 (4th Cir.1995) (reversing as abuse of discretion where trial court refused to dismiss the entire indictment against a cooperating defendant due to the jury's acquittal of his four co-defendants on the same charges); *United States v. Hamm*, 659 F.2d 624 (5th Cir.1981) (stating trial court's denial of Rule 48(a) motion made at sentencing to dismiss entire indictment based on defendants' past cooperation with the government's investigations and to preserve defendants' personal safety was abuse of discretion); *United States v. Cowan*, 524 F.2d 504 (5th Cir.1975) (finding an abuse of discretion where the trial court refused to dismiss the entire

**5.** While the Court recognizes that Mrs. Fastow's husband, Andrew Fastow, is a cooperating witness for the Government pursuant to the terms of his plea agreement in a separate criminal action not before this Court, that information has no bearing on the resolution of this matter. Mrs. Fastow's plea agreement does not call for personal cooperation in ongoing investigations.

Texas indictment as to one of the two defendants in lieu of the Washington, D.C. indictment, which was contemplated by the parties' plea agreement).

In the captioned matter, Mrs. Fastow entered a plea of guilty to one count of the indictment in accordance with her plea agreement with the Government. In exchange, the Government promised to move to dismiss the remaining five counts[6] of the indictment without prejudice following entry of Defendant's guilty plea, and the Government further stated it will move to dismiss the five counts of the indictment with prejudice once Defendant's husband, Andrew Fastow, is sentenced.[7]

The Court is concerned that the effect of a dismissal of counts one through five at the present time may create a substantial delay in the ultimate resolution of this case, which is contrary to the principles of judicial economy. Furthermore, the scenario in the captioned matter is dissimilar to many of the cases cited by Defendant. Additionally, the Court questions the timing of the parties' motion to dismiss as many of the cited Fifth Circuit cases concerning dismissal of an indictment occur at or after the time of sentencing.

Despite these concerns, the Court independently recognizes the underlying legal arguments pertaining to Rule 48(a) unopposed motions to dismiss an indictment.[8] The Court also acknowledges the reasons set forth by the Government in support of its motion to dismiss.

In balancing these factors, the Court determines that the more prudent course of action is to defer ruling on the parties' Rule 48(a) motion to dismiss the remaining counts of the indictment without prejudice until after the parties and the Court fully review the pre-sentence report, the parties have the opportunity to make objections, and the Court considers these matters at Defendant's sentencing hearing. The Court further finds that no prejudice will occur to Defendant by deferral of this motion until the time of sentencing. Accordingly, the Court hereby

ORDERS that its ruling on the Unopposed Motion to Dismiss Counts 1–5 will be deferred and addressed immediately following Defendant Lea Fastow's sentencing hearing.

---

**6.** The remaining five counts include: (1) conspiracy to commit wire fraud and defraud the United States; (2) money laundering conspiracy; (3) false income tax return (1997); (4) false income tax return (1998); and (5) false income tax return (1999).

**7.** Mr. Fastow's criminal case, H–02–665, is presided over by another district judge in the Southern District of Texas.

**8.** Here, the Government is not moving to dismiss the entire indictment, but only the remaining five counts.