**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-5079**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALBERT ESPOSITO,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge. (CR-01-202)

———————————

Submitted: October 5, 2006        Decided: November 16, 2006

———————————

Before WILKINS, Chief Judge, GREGORY, Circuit Judge, and James R. SPENCER, Chief United States District Judge for the Eastern District of Virginia, sitting by designation.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Steven T. Meier, MALONEY AND MEIER, L.L.C., Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Albert Esposito appeals his convictions and sentence for various offenses arising out of a "Ponzi" scheme. Finding no error, we affirm.

I.

From 1998 through 2001, Esposito and several others created various entities and defrauded numerous investors of millions of dollars. Esposito convinced his victims, through seminars and conversations, to invest their money with him in investment vehicles such as gold bullion, aviation, real estate, and Christian-oriented causes. In reality, however, Esposito used his investors' money for the personal benefit of himself and others and to pay other investors to trick them into believing that their investments were making money.

Esposito was indicted along with three co-defendants and charged with one count of conspiracy to commit offenses against the United States, including mail and wire fraud, see 18 U.S.C.A. § 371 (West 2000); two mail fraud counts, see 18 U.S.C.A. § 1341 (West Supp. 2006); four wire fraud counts, see 18 U.S.C.A. § 1343 (West Supp. 2006); 20 counts of money laundering, see 18 U.S.C.A. §§ 1956(a)(1)(A)(I), 1956(a)(1)(B)(I), 1957(a) (West 2000); and one count of conspiracy to engage in money laundering and in monetary transactions in property derived from unlawful activity, see 18 U.S.C.A. § 1956(h) (West Supp. 2006).

Upon the completion of the Government's case at trial, Esposito moved unsuccessfully for a judgment of acquittal. At the conclusion of the trial, the Government moved to dismiss two of the wire fraud counts and four of the money laundering counts. The jury found Esposito not guilty of two of the money laundering counts but guilty of the 20 remaining counts.

## II.

Esposito first argues that the district court erred in allowing the Government to ask witness David Brooks whether he was aware that Esposito had previously been convicted of laundering drug money.[1] We disagree.

Evidentiary rulings are generally reviewed for abuse of discretion. See United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). Although evidence of a person's character is normally not admissible for the purpose of proving action in conformity therewith on a particular occasion, it "may be offered by the government to rebut character evidence introduced by the accused." United States v. Moore, 27 F.3d 969, 974 (4th Cir. 1994).

Here, Esposito "opened the door" to the Government's rebuttal when he questioned Brooks regarding Brooks' belief, based on his having known Esposito since 1986, that Esposito would not set out to steal his money. See id. (holding that defendant's elicitation

---

[1]Brooks testified that he was not aware of this conviction.

of testimony that he was honest and trustworthy in his business dealings opened the door for the Government to question witness about prior conduct by the defendant that would conflict with that assessment). Thus, the district court did not abuse its discretion in allowing the question.

## III.

Esposito also contends that the district court erred in denying his motion for a judgment of acquittal. This argument is meritless.

We review the denial of a motion for a judgment of acquittal de novo. See United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). "In evaluating the sufficiency of the evidence to support a criminal conviction, we must determine--viewing the evidence and all of the inferences reasonably to be drawn from it in the light most favorable to the Government--whether a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." United States v. Rahman, 83 F.3d 89, 93 (4th Cir. 1996).

Esposito maintains that his motion should have been granted because the Government failed to present sufficient evidence of his intent to defraud his victims. To the contrary, the evidence of Esposito's fraudulent intent was overwhelming and included testimony regarding multiple admissions by Esposito that he was running a Ponzi scheme rather than offering legitimate investment

4

opportunities. Thus, the district court correctly denied his motion.

IV.

Esposito, who represented himself at trial, next argues that the district court abused its discretion in denying his motion to dismiss the charges against him based on the Government's having had access to his work product following its replacement of a laptop computer the Government had provided to him to help him prepare for trial. See United States v. Smith, 55 F.3d 157, 158 (4th Cir. 1995) (stating standard of review). Esposito notes that the Government downloaded all of his files (and provided them on compact disc to standby counsel) when the computer quit working. This, he maintains, violated his confidentiality rights and denied him a fair trial. We disagree.

Counsel for the Government reported that in replacing the computer and transferring the files, the Government employed a strict procedure to assure that no one from the United States Attorney's Office--except for its technical assistant--had access to the information stored on the computer. In view of this procedure and in the absence of any evidence that any person participating in Esposito's case gained information stored by him on the computer, the district court did not abuse its discretion in denying Esposito's motion to dismiss the indictment.

5

V.

Esposito next argues that the district court erred in denying his motion for a continuance after he was provided with more than 300 audio tapes only a few days before trial. We disagree.[2]

A denial of a continuance motion constitutes an abuse of discretion only if the denial was "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." Morris v. Slappy, 461 U.S. 1, 11-12 (1983) (internal quotation marks omitted). A defendant challenging a denial of such a motion must establish not only that the denial constituted an abuse of discretion but also that he was prejudiced by the ruling. See United States v. Bakker, 925 F.2d 728, 735 (4th Cir. 1991).

Here, the record reflects that Esposito had access to the tapes in question throughout the case. And, in any event, Esposito does not explain what he would have done differently at trial had the continuance been granted. Thus, he has not established any reversible error.

---

[2]Esposito also appears to contend that the district court erred in denying his request for an investigator and a forensic accountant. If he does assert this claim, his conclusory argument amounts to a waiver of the claim, and we do not address it. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). Esposito further complains of several conditions of his pre-trial confinement but does not identify any ruling of the district court concerning those conditions with which he takes issue. We therefore have nothing to review in that regard.

## VI.

Finally, Esposito contends that the district court employed an incorrect procedure in calculating his sentence after <u>United States v. Booker</u>, 543 U.S. 220 (2005). He claims that the district court failed to recognize that following <u>Booker</u> it was "required to determine whether the guidelines applied and whether the conduct in this case was atypical, and, if so, whether some other guidelines should apply." Br. of Appellant at 16. We find no error.

The treatment to be given the guidelines post-<u>Booker</u> is described in detail in <u>United States v. Moreland</u>, 437 F.3d 424, 432 (4th Cir. 2006). The district court correctly employed the procedure that <u>Moreland</u> prescribes.

## VII.

In sum, we affirm Esposito's convictions and sentence.

<u>AFFIRMED</u>

7