**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Patrick Michael WEBER, Defendant-Appellant.**

**Nos. 82–1425, 83–3018.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 3, 1983.

Decided Nov. 29, 1983.

As Amended Feb. 2, 1984.

California, sitting by designation.

David D. Marshall, Asst. U.S. Atty., Seattle, Wash., John F. DePue, Dept. of Justice, Washington, D.C., for plaintiff-appellee.

James C. Buckley, Tacoma, Wash., for defendant-appellant.

Before BROWNING, Chief Judge, and HUG and TANG, Circuit Judges.

PER CURIAM:

Patrick Weber appeals from his conviction of conspiracy to defraud the government in violation of 18 U.S.C. § 371 and theft of government property in violation of 18 U.S.C. § 641. Weber assigns as error the trial court's denial of the government's motion to dismiss the indictment under Fed. R.Crim.P. 48(a), and various rulings made at trial. We conclude the trial court erred in refusing to dismiss the indictment and do not reach the alleged trial errors.

Weber and three other defendants were convicted by a jury of conspiracy to defraud the government and theft of government property in connection with the diversion of large quantities of meat from the United States Army at Fort Lewis, Washington. All four defendants appealed. The convictions of defendants other than Weber were affirmed. *United States v. Long,* 706 F.2d 1044 (9th Cir.1983). Meanwhile, the Assistant United States Attorney who had presented the case had developed substantial doubts as to Weber's guilt based upon interviews with Weber and a re-examination of the evidence. On the stipulation of Weber and the government we dismissed Weber's appeal to permit the government to move in district court for dismissal of the indictment under Fed.R.Crim.P. 48(a). The trial court denied the motion to dismiss. We reinstated Weber's original appeal and consolidated it with his appeal from the denial of the motion to dismiss.

Fed.R.Crim.P. 48(a) provides:

The Attorney General or the United States attorney may *by leave of court* file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant.

(Emphasis added.)

Prior to the adoption of Rule 48 the Executive Branch had complete discretion to determine whether a prosecution should be initiated or terminated. *See* Fed.R.Crim.P. 48 Advisory Committee Note. "The principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *Rinaldi v. United States,* 434 U.S. 22, 29 n. 15, 98 S.Ct. 81, 85 n. 15, 54 L.Ed.2d 207 (1977). *See, e.g., United States v. Salinas,* 693 F.2d 348 (5th Cir.1982). There is no allegation of prosecutorial harassment in this case; Weber consented to the government's motion to dismiss.

■ Rule 48 "has also been held to permit the court to deny a Government dismissal motion to which the defendant has consented if the motion is prompted by considerations clearly contrary to the public interest." *Rinaldi v. United States,* 434 U.S. at 29 n. 15, 98 S.Ct. at 85 n. 15. *See, e.g., United States v. Cowan,* 524 F.2d 504, 513 (5th Cir.1975). Such considerations would include, for example, the acceptance of a bribe by the prosecutor or the desire to attend a social event instead of appearing in court. *United States v. Hamm,* 659 F.2d 624, 630 (5th Cir.1981) (en banc).

In *Rinaldi,* the Supreme Court expressly reserved decision of the question whether the district court has any discretion to deny a motion to dismiss consented to by the defendant. 434 U.S. at 29 n. 15, 98 S.Ct. at 85 n. 15. The Court did not reach the issue in *Rinaldi* because it held that a motion to dismiss pursuant to the *Petite* policy, under which the Justice Department refuses to bring a federal prosecution following a state prosecution for the same act, could not fairly be characterized as "clearly contrary to manifest public interest." *Id.* at 30, 98 S.Ct. at 85–86.

We also decline to reach the question because we conclude that in this case the motion for dismissal could not fairly be characterized as "clearly contrary to manifest public interest."

After trial and sentencing, the Assistant United States Attorney interviewed Weber in his cell and obtained Weber's version of the events in great detail, including facts available to the defendant earlier but not previously related to the prosecutor or the jury. Spurred by this new information, the Assistant United States Attorney reexamined all materials in his file, including grand jury transcripts, as well as other materials not presented to the jury. Although this reexamination did not uncover "newly discovered evidence" in the strict sense of the term under Fed.R.Crim.P. 33, *i.e.,* admissible in court and previously unavailable to the defendant—the information was sufficient to cause the Assistant United States Attorney to develop a serious and substantial doubt as to Weber's guilt. At the hearing on the motion to dismiss, the Assistant United States Attorney offered to furnish the court detailed support for his doubt as to Weber's guilt under oath but preferably *in camera* since some of the information resulted from the grand jury investigation. The district court declined the offer because the court had "no doubt" that the Assistant United States Attorney had a good faith doubt regarding Weber's guilt. The court then denied the motion.

■ We think the court erred. Existence of substantial reasonable doubt as to the guilt of the defendant can and should be considered by the Executive in determining whether to initiate or continue a prosecution; it is the duty of the United States Attorney not simply to prosecute, but to do justice. *Berger v. United States,* 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935). In deciding whether to initiate or terminate a prosecution the prosecutor has access to and must take into consideration a wide range of information that may not be competent evidence at trial. No doubt this is part of the reason the prosecutor must be given wide latitude in making those decisions. Seeking dismissal because of the existence of such a reasonable doubt was not "clearly contrary to the manifest public interest."

The court below apparently thought the "clearly contrary to manifest public interest" standard approved in *Rinaldi* did not apply to a motion filed after conviction and sentencing. In that very case, however, the government's motion to dismiss was filed after conviction and sentencing. In *Hamm*, the Fifth Circuit rejected the similar argument that a different standard should apply when the government moved to dismiss after defendants had pleaded guilty. "It is thus clear that the standard set out in *Cowan* and adopted in *Rinaldi* applies regardless of the stage of prosecution at which the Government moves to dismiss the indictment." 659 F.2d at 629 n. 16. We agree.

Reversed and remanded with directions to grant the government's motion to dismiss the indictment.