**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose DeJesus GONZALEZ,**
**Defendant–Appellant.**

**No. 94–10163.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 16, 1995 *.

Decided June 22, 1995.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Alan Dressler, San Francisco, CA, for defendant-appellant.

Sara Criscitelli, Asst. U.S. Atty., San Francisco, CA, for plaintiff-appellee.

Before: REINHARDT, THOMPSON, and KLEINFELD, Circuit Judges.

REINHARDT, Circuit Judge:

We are presented with the question whether, and under what circumstances, a district court may deny the government's request for leave to file a dismissal of an indictment. In the case before us, after the defendant fulfilled his agreement to cooperate with the prosecution, the government sought to dismiss one of two remaining counts against him. The district judge refused leave to dismiss. The defendant appealed, and the United States joins him in urging us to reverse the district court's decision.

## I.

Jose de Jesus Gonzalez was indicted on three counts—(1) conspiracy to distribute and possession with intent to distribute cocaine in excess of 500 grams, in violation of 21 U.S.C. §§ 841(a)(1), 846; (2) possession with intent to distribute 2 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1); and (3) carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). He pled guilty to Counts I and III and agreed to cooperate in the prosecution of his codefendants and in the government's investigation of two drug organizations. In return, the government dismissed Count II.

Seven months later, after Gonzalez had assisted the government in connection with several criminal investigations, the United States Attorney filed a sentencing memorandum and a motion under Rule 48(a) of the Federal Rules of Criminal Procedure [1] seeking leave to dismiss Count III of the indictment. The memorandum suggested that the district court impose a two-level enhancement for possession of a firearm under U.S.S.G. § 2D1.1. At the sentencing hearing, the Assistant United States Attorney elaborated upon the government's reasons for seeking leave to file the dismissal. First, he noted that, unless the third count was dismissed, Gonzalez would be deported when he was released from jail; he emphasized that, due to the unusual circumstances surrounding the defendant's citizenship and the inadequate assistance rendered by his counsel, Gonzalez was ignorant of this fact when he agreed to plead guilty. Second, the Assistant United States Attorney stated that Gonzalez had provided significant assistance to the government by cooperating in its investigations and that dismissing Count III was therefore in the public interest.

The district judge refused to grant leave to dismiss Count III on the basis of the deportation justification. She also insisted that, if the government wished to dismiss the count because of Gonzalez's cooperation, it must prove that he had provided "extraordinary significant cooperation." After the prosecutor filed a supplemental sentencing memorandum with two reports detailing the assistance that Gonzalez had provided, a second sentencing hearing took place. The district judge again refused to grant leave to dismiss, finding that it was clear that Gonzalez had carried a gun in violation of the law and that his cooperation "was not substantial according to this court's standard."

On appeal, both Gonzalez and the United States maintain that the district court abused its discretion in denying the uncontested motion for leave to dismiss under Rule 48(a). We agree.

## II.

At common law a prosecutor had unrestricted authority to enter a *nolle prosequi* without the consent of the court. An early draft of Rule 48(a) adopted this rule but required the prosecutor to state his reasons

---

**1.** Rule 48(a) provides that "the Attorney General or the United States attorney may by leave of court file a dismissal of an indictment, informa-

tion, or complaint." *Fed.R.Crim.P.* 48(a). The defendant's consent to such a dismissal is required after trial has commenced. *Id.*

for seeking a dismissal. The Supreme Court modified the Rule and conditioned the government's right to dismiss upon its obtaining "leave of court." Congress adopted the rule as amended by the Supreme Court. *See generally United States v. Salinas*, 693 F.2d 348, 350–51 (5th Cir.1982).

The primary purpose of the requirement that leave of court be obtained is to grant judges discretion to prevent the government from using its discretionary power to dismiss indictments for purposes of harassment. As the Supreme Court has noted, "the principal object of the 'leave of court' requirement is apparently to protect the defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the government moves to dismiss an indictment over the defendant's objection." *See Rinaldi v. United States*, 434 U.S. 22, 29 n. 15, 98 S.Ct. 81, 85 n. 15, 54 L.Ed.2d 207 (1977). Thus, when a defendant contests a Rule 48(a) motion, a court may, when circumstances warrant, exercise its discretion to protect the defendant.

A number of courts have also concluded that the leave of court requirement applies to the other category of cases: those in which the defendant does not contest the Rule 48(a) motion. Although the Supreme Court has reserved judgment on this point, it has observed that some appellate courts have held that the rule permits a "court to deny a government dismissal motion to which the defendant has consented, if the motion is prompted by considerations clearly contrary to the public interest." *Id.*[2] The case before us falls into the uncontested motions category.

## III.

In light of the history and purpose of Rule 48(a), we have closely scrutinized decisions to deny leave to dismiss and have required district judges entertaining such requests to grant considerable deference to the prosecutor. *See, e.g., United States v. Wallace*, 848 F.2d 1464, 1468 (9th Cir.1988). Although we apply an "abuse of discretion" standard, *Hir-*

*abayashi v. United States*, 828 F.2d 591, 607 (9th Cir.1987), the district court's discretion to deny leave is limited. *See United States v. Cowan*, 524 F.2d 504, 513 (5th Cir.1975), *cert. denied sub nom Woodruff v. United States*, 425 U.S. 971, 96 S.Ct. 2168, 48 L.Ed.2d 795 (1976).

Indeed, in the category of cases in which the defendant consents to the prosecution's request, there is a question as to whether a district court may ever deny an uncontested Rule 48(a) motion. The Supreme Court specifically reserved judgment on this issue in *Rinaldi*. 434 U.S. at 29 n. 15, 98 S.Ct. at 85 n. 15. The only appellate court that has decided the question has held that a district court may deny an uncontested request only "in extremely limited circumstances in extraordinary cases ... when the prosecutor's actions clearly indicate a 'betrayal of the public interest.'" *See United States v. Welborn*, 849 F.2d 980, 983 n. 2 (5th Cir.1988) (citations and internal quotation omitted). We have consistently declined to reach the issue, *see, e.g., Wallace*, 848 F.2d at 1468; *United States v. Weber*, 721 F.2d 266, 268 (9th Cir.1984), concluding that, even if a district court does have discretion to deny an uncontested motion, it could do so only if the motion were "'clearly contrary to manifest public interest.'" *Weber*, 721 F.2d at 268; *see also Wallace*, 848 F.2d at 1468. In each case, we have ultimately decided that the justification provided by the government for its dismissal motion would not fall within any narrow exception that might exist, and on that basis have reversed the district court's decision to deny the Rule 48(a) motion.

We adopt a similar approach here. We conclude that, even if the district court has discretion to deny a prosecutor's uncontested motion in exceptional circumstances, the district judge could not do so on the facts of this case. *See infra* pp. 461–464. Accordingly, once again we do not decide whether a district court has discretion to deny an uncontested motion under *any* circumstances.

---

**2.** The Supreme Court expressly declined to determine whether a court has discretion to deny an uncontested motion, even under these circum-

stances. *See Rinaldi*, 434 U.S. at 29 n. 15, 98 S.Ct. at 85 n. 15.

Separation-of-powers concerns generally require a district court to defer to the government's decision to seek a dismissal of a criminal charge because a denial of the motion would represent an intrusion upon prosecutorial prerogative. *See United States v. Hayden,* 860 F.2d 1483, 1487 (9th Cir.1988). The decision to dismiss an indictment implicates concerns that the Executive is uniquely suited to evaluate, and a district court should be reluctant to deny its request. Although the district judge in this case did not articulate the legal standard that she used to evaluate the government's motion, it is clear that she failed to grant sufficient deference to the prosecutor's proffered justifications for the motion and instead attempted to second-guess the decision of the United States Attorney. She did not apply the only standard that might have been appropriate in a case involving an uncontested motion: whether the motion was "clearly contrary to manifest public interest."

We emphasize that the degree of deference accorded to the prosecutor's decision in this case hinges in part upon the fact that the defendant consented to the motion. When the defendant contests a Rule 48(a) motion, the motion raises concerns that are not present when a court considers an uncontested motion to dismiss: the district judge represents defendants' sole source of protection against prosecutorial misconduct and must be careful to safeguard their rights. *See Rinaldi,* 434 U.S. at 29 n. 15, 98 S.Ct. at 85 n. 15. We are not, however, faced with such concerns here.

## IV.

Here, we review the denial of an uncontested motion. In the case before us, the district judge did not suggest that the reasons proffered by the prosecution were "clearly contrary to manifest public interest" or that the government sought to dismiss the count in question for any reason other than those outlined by the Assistant United States Attorney. We conclude not only that the government's justifications for its request are not clearly contrary to the manifest public interest, but that they were entirely proper and appropriate.

First, the Assistant United States Attorney observed that, due to the unusual circumstances of the defendant's citizenship status and the poor assistance rendered by his counsel, Gonzalez was not informed of the possible consequences of his plea—namely that he would be deported when he was released from jail. The prosecutor expressed concern that the plea agreement was unfairly negotiated, particularly in light of the fact that all of Gonzalez's codefendants had been informed of possible deportation consequences before they entered into plea agreements. He also made clear that justice would best be served by dismissing Count III and giving the defendant a two-level enhancement for possession of a firearm under U.S.S.G. § 2D1.1.

Such a justification represents an appropriate ground for a Rule 48(a) motion, as our decision in *United States v. Weber,* 721 F.2d 266 (9th Cir.1983), makes clear. In *Weber,* we explicitly held that, even after a defendant has been convicted of a crime, a prosecutor may obtain a Rule 48(a) dismissal based on broad considerations of justice. *Weber,* 721 F.2d at 268. We emphasized that "it is the *duty* of the United States Attorney not simply to prosecute, *but to do justice."* *Id.* (emphases added). For that reason, we noted that

> In deciding whether to initiate or terminate a prosecution, the prosecutor has access to, and must take into consideration, a wide range of information that may not be competent evidence at trial. *It's no doubt this is part of the reason the prosecutor must be given wide latitude in making those decisions.*

*Weber,* 721 F.2d at 268 (emphasis added). The Supreme Court shares this understanding of the prosecutor's role in the court system:

> The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; *and whose interest, therefore, in a criminal proceeding is not that it shall win a case, but that justice shall be done.*

*Berger v. United States,* 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935) (emphasis added). Here, the prosecutor sought to dismiss Count III in part because of a desire "to do justice"—that is, he was concerned about the fairness and appropriateness of a plea agreement reached when the defendant lacked full information regarding the consequences. Such a concern, if held in good faith, is a proper and appropriate reason for dismissing an indictment—at least where the dismissal is not "clearly contrary to manifest public interest."

The government's second and independent basis for requesting leave to file the dismissal also represents an appropriate justification for a Rule 48(a) motion. In support of the Rule 48(a) motion, the Assistant United States Attorney emphasized that Gonzalez's cooperation was of significant assistance to the government in its prosecution of his co-defendants and in its investigation of other drug supply organizations. The prosecutor placed special weight upon the unusually open manner in which Gonzalez testified and the good faith that he consistently demonstrated in cooperating with the government's investigation, even when that cooperation was detrimental to his own interests. The district judge rejected the motion on the ground that she believed the evidence clearly established that Gonzalez had possessed a gun. She also held that she would not grant such a motion unless the prosecutor proved that Gonzalez's cooperation had been of extraordinary significance.

In both respects, the district judge abused her discretion. Whether a defendant's possession of a gun should preclude the dismissal of a count against him, despite his cooperation with the government's investigatory efforts, is a decision for the prosecutor, not the judge. Similarly, it is for the prosecutor, not the judge, to determine how much cooperation by a defendant warrants the dismissal of a charge.[3] Indeed, courts of appeals have

consistently reversed decisions by district courts denying Rule 48(a) motions on grounds similar to those articulated by the district court. *See, e.g., United States v. Hamm,* 659 F.2d 624 (5th Cir.1981); *United States v. Cowan,* 524 F.2d 504 (5th Cir.1975), *cert. denied sub nom Woodruff v. United States,* 425 U.S. 971, 96 S.Ct. 2168, 48 L.Ed.2d 795 (1976); *United States v. Ammidown,* 497 F.2d 615, 619, 623 (D.C.Cir.1973) (concluding that a Rule 48(a) motion should be granted whenever the prosecutor seeks a dismissal because of "a need for evidence to bring another felon to justice, or other similar consideration."). For example, in *Hamm,* after the defendants were sentenced the prosecutor made a motion to dismiss an indictment under Rule 48(a) in light of the defendants' past cooperation with the government's investigation and in order to assure their safety. As in this case, the district court refused to grant the motion unless the prosecutor presented more factual information to prove that the public interest would be served by a dismissal. The Fifth Circuit held that, even though the defendants had been found guilty of the charges, the district court abused its discretion when it refused to grant the Rule 48(a) motion. It reversed the district court's decision because

> The determination of the public interest in the first instance is for the prosecutor to make. We are not in a position to second-guess his determination, and even if we were, on the facts of this case we would not say that the prosecutor mistakenly gauged the public interest when he decided that the past and future cooperation of the appellants warranted dismissal of the indictments against them.

*Hamm,* 659 F.2d at 633. The argument for reversal in the case before us is equally compelling.

---

3. In contrast, during sentencing, when the court is exercising a historically judicial function, the district court possesses significant discretion to determine whether the defendant's cooperation justifies a reduction in his sentence. Indeed, we have held that when the prosecution files a motion for departure based upon a defendant's substantial assistance, it is entirely within the sentencing court's discretion to determine the extent of any departure. *See United States v. Udo,* 963 F.2d 1318, 1319 (9th Cir.1992). In such circumstances the sentencing court may depart below both the government's recommendation and the statutory minimum. *Id.; United States v. Keene,* 933 F.2d 711 (9th Cir.1991).

*Conclusion*

In this case, the defendant's consent obviated any concern that the prosecution sought to dismiss Count III for purposes of harassment. Thus, if the district judge had any discretion at all, it was only to deny a request that was clearly contrary to the manifest public interest. Here, the request was made for reasons that were both proper and appropriate. Accordingly, we reverse with instructions to grant leave to the prosecution to file the dismissal of Count III.

REVERSED and REMANDED