MEMORANDUM *
Karen Vineyard, Joshua Devore, and Jamie Whittenburg were charged in connection with a 2007 bank robbery. Vineyard pled guilty to conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371. Devore pled guilty to armed bank robbery, in violation of 18 U.S.C. §§ 2 and 2113(d); brandishing and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); and the conspiracy charge. Whittenburg went to trial on all three charges, and the jury acquitted Whitten-burg of armed bank robbery and brandishing a firearm but convicted her of the conspiracy charge. Whittenburg appeals the district court’s denial of her motion for a new trial. Vineyard and Devore appeal their sentences, alleging that the district court improperly denied the government’s *642 motion for a downward departure for substantial assistance under section 5K1.1 of the United States Sentencing Guidelines (the “Guidelines”). We affirm the district court on each appeal.
Whittenburg argues that the district court abused its discretion in denying her motion for a new trial because it erroneously concluded that Whittenburg’s conspiracy conviction was warranted by her admission at trial that she told her niece to lie to pursuing police officers about the conspirators’ whereabouts. A conspiracy to commit bank robbery continues through at least escape and the division of proceeds. See United States v. Dinkane, 17 F.3d 1192, 1199 (9th Cir.1994) (holding that the crime of bank robbery goes “beyond the immediate scene of the robbery, encompassing the escape”); United States v. Vowiell, 869 F.2d 1264, 1270 (9th Cir.1989) (stating that bank robbery conspiracy is ongoing when “the coconspirators had not yet achieved the main object of their conspiracy-namely, their each possessing some of the loot”). Whittenburg claims that the conspiracy had ended when she told her niece to lie because by then the robbers had escaped from the bank, reached her apartment, and divided the proceeds. However, an escape and the division of profits do not necessarily constitute the outer bounds of a bank robbery conspiracy. Although we have held that a conspiracy to escape had ended four days after the prison escape began when the conspirators had “reached a place of temporary safety,” Vowiell, 869 F.2d at 1268, here Whittenburg’s culpable act occurred just a few minutes after the robbery, and just after the robbery proceeds had been divided. The conspirators had not reached a place of temporary safety because just after the robbery occurred the police learned from a witness who recognized them fleeing the scene that the bank robbers were at Whittenburg’s apartment. We conclude that Whittenburg’s statement to her niece was so proximate in time to the robbery, escape, and division of proceeds that the conspiracy to commit bank robbery was still ongoing when she committed her culpable act. Accordingly, the district court did not err in denying Whit-tenburg’s motion for a new trial on the conspiracy charge, nor did it plainly err by not giving the jury instructions concerning conspiracy duration that Whittenburg proposes for the first time on appeal.
Vineyard and Devore argue that the district court erred by citing the jury’s split verdict against Whittenburg as its principal reason for denying the government’s substantial assistance motions. When the government files a substantial assistance motion, “it is entirely within the sentencing court’s discretion to determine the extent of any departure.” United States v. Gonzalez, 58 F.3d 459, 463 n. 3 (9th Cir.1995). The Supreme Court’s decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), “now permits us to consider what we previously could not — the district court’s decision not to impose a lesser sentence” than the one recommended by the Guidelines. United States v. Dallman, 533 F.3d 755, 761 (9th Cir.2008).
Reviewing the district court’s sentencing decisions for an abuse of discretion, we conclude that neither Vineyard nor Devore has shown that the district court’s denial of the substantial assistance motions was procedural error or led to a substantively unreasonable sentence. See United States v. Carty, 520 F.3d 984, 99-93 (9th Cir.2008) (en banc). Although the district court might have decided this issue in either direction, we cannot say that the record does not support a conclusion that Vineyard’s and Devore’s testimony was not credible and that they were disbelieved by *643 the jury. Also, because Whittenburg and her niece each admitted to the incriminating action supporting Whittenburg’s conspiracy conviction, Vineyard’s and De-vore’s testimony was necessary only for the government to obtain convictions against Whittenburg for bank robbery or brandishing a firearm. But the jury acquitted Whittenburg of both those counts. Accordingly, we conclude that the district court did not abuse its discretion in deciding that Vineyard’s and Devore’s testimony did not constitute substantial assistance.
Also, we conclude that Vineyard and Devore’s sentences were not substantively unreasonable. The district court considered Vineyard’s and Devore’s criminal histories, the violent nature of the crime, and addressed Vineyard’s and Devore’s culpability individually. The district court presided over Whittenburg’s trial where they testified and was “in a superior position to find facts and judge their import” when examining sentencing factors and has “an institutional advantage over appellate courts in making these sorts of determinations.” Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597-98, 169 L.Ed.2d 445 (2007) (internal citations and quotation marks omitted). The district court did not abuse its discretion in formulating Vineyard’s and Devore’s sentences, which were each reasonable considering the “totality of the circumstances.” Carty, 520 F.3d at 993.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.