**E-FILED**
**CNMI SUPREME COURT**
E-filed: Oct 11 2024 01:54PM
Clerk Review: Oct 11 2024 01:55PM
Filing ID: 74736169
Case No.: 2022-SCC-0022-CRM
NoraV Borja



IN THE

# Supreme Court

OF THE

# Commonwealth of the Northern Mariana Islands

---

**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS,**
*Plaintiff-Appellant,*

v.

**TIM ONOPEY,**
*Defendant-Appellee.*

**Supreme Court No. 2022-SCC-0022-CRM**

---

**SLIP OPINION**

**Cite as: 2024 MP 6**

Decided October 11, 2024

———————

CHIEF JUSTICE ALEXANDRO C. CASTRO
ASSOCIATE JUSTICE JOHN A. MANGLOÑA
ASSOCIATE JUSTICE PERRY B. INOS

———————

Superior Court No. 22-0081-CR
Associate Judge Joseph N. Camacho, Presiding

———————

INOS, J.:

¶ 1    When the complaining witness changed her testimony regarding an alleged sexual assault, the Commonwealth moved to dismiss its case against Appellant Tim Onopey ("Onopey") without prejudice under Commonwealth Rule of Criminal Procedure 48(a) ("Rule 48(a)"). [1] The trial court granted the dismissal, but with prejudice—finding the Commonwealth's motion was made in bad faith. We determine the motion was not made in bad faith, but affirm the dismissal with prejudice because the court may set reasonable terms of dismissal. As the Commonwealth provided no assurance that it had any plan to recharge Onopey or continue investigating the case, the dismissal with prejudice was reasonable.

## I. FACTS AND PROCEDURAL HISTORY

¶ 2    On the day of the alleged assault, Onopey accompanied the alleged victim to the beach. While in the water, Onopey and the alleged victim engaged in sexual intercourse. Onopey was later charged with committing First Degree Sexual Assault for this incident.[2] Onopey maintains that the intercourse was consensual.

¶ 3    Seven months after filing the charge against Onopey, the Commonwealth moved for dismissal without prejudice. The motion did not state why the Commonwealth was moving for dismissal; it simply stated "in the interest of justice" it requested dismissal with permission to refile. Onopey objected, arguing the Commonwealth provided inadequate reasons for its motion. He requested the court grant the motion to dismiss, but with prejudice.

¶ 4    At the motion hearing, the Commonwealth acknowledged that conversations with the alleged victim had led the prosecution to conclude it could not prove its case at trial. The Commonwealth also acknowledged that it had no plan to refile its case. Following the hearing, the court granted the motion—but with prejudice. The Commonwealth appeals.

## II. JURISDICTION

¶ 5    We have appellate jurisdiction in a criminal case when there is "a decision, judgment or order of the Superior Court dismissing an information . . . as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the Commonwealth Constitution prohibits further prosecution." 6 CMC § 8101(b). An information dismissed with prejudice is appealable under section 8101(b). *Commonwealth v. Crisostimo*, 2005 MP 18 ¶ 13 n.8.

---

[1]   Rule 48(a) states, in relevant part: "The attorney for the government may by leave of court file a dismissal of an information or complaint and the prosecution shall thereupon terminate."

[2]   Another man, Frankie Rettanlug, also accompanied Onopey and the alleged victim to the beach. After the alleged victim returned to the beach from the water, Rettanlug sexually assaulted her. Rettanlug pled guilty to First Degree Sexual Assault and was sentenced to 12 years in prison.

**III. DISCUSSION**

¶ 6     Though the sole issue on appeal is whether the lower court's order was an abuse of discretion, the arguments raised at the motion hearing and in the briefs require that we answer three questions: (1) What is the appropriate standard of review of the lower court's grant of dismissal under Rule 48(a)? The Commonwealth has argued that we must apply a higher level of scrutiny. (2) What is the appropriate standard by which a trial court rules on a motion to dismiss? Both parties agree the court's order required a finding of bad faith on the part of the prosecution, with the Commonwealth arguing there was no bad faith. (3) Does the trial court have discretion to order immediate dismissal with prejudice when the prosecution has requested dismissal with prejudice through the remainder of the statutory period? The Commonwealth argues that Rule 48(a) permits it to dismiss without prejudice and refile charges any time within the statute of limitations.

*A. We review the lower court's order for abuse of discretion.*

¶ 7     The parties acknowledge the appropriate standard of review for an order of dismissal under Rule 48(a) is abuse of discretion, but the Commonwealth argues we must closely scrutinize the decision, because the court owes "deference to the prosecution" when ruling on a Rule 48(a) motion to dismiss. Appellant's Br. at 10. The concept of close scrutiny in the context of Rule 48(a) refers to the extremely limited discretion that a trial court has to deny a Rule 48(a) motion. However, the application of close scrutiny to a Rule 48(a) decision is limited to when the court denies leave to dismiss and requires the case to proceed over the prosecutor's objection. *United States v. Gonzalez*, 58 F.3d 459, 461 (9th Cir. 1995).

¶ 8     The Commonwealth treats the dismissal with prejudice as tantamount to a denial of its motion, and in so doing misapprehends the purpose of Rule 48(a). Prior to the adoption of Federal Rule of Criminal Procedure 48(a), prosecutors enjoyed unlimited discretion to dismiss a case at any time without requiring leave of the court because "[i]n deciding whether to initiate or terminate a prosecution, the prosecutor has access to, and must take into consideration, a wide range of information that may not be competent evidence at trial." *Id.* at 462. The discretion of the prosecution does not include actions taken in bad faith, however, and the addition of the leave of court requirement in Rule 48(a) is intended to prevent harassment of defendants from prosecutors charging, dismissing against the defendant's objection, and recharging. *Id.* at 461 (citing *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977)). The majority of existing case law, including every relevant case the Commonwealth cited on this point centers on the limitation on the court's discretion to deny leave to dismiss and the degree of deference owed to the prosecutor's decision to initiate or terminate a case. *See, e.g.*, *id*. at 460–63. But these considerations are largely irrelevant here. In this case, the order does not intrude on the executive branch's authority and discretion to not prosecute a case against its will because the court granted the motion to

dismiss, except with prejudice—a far cry from forcing the Commonwealth to proceed with a case it does not wish to bring.

¶ 9     Because the court granted leave to dismiss, its discretion was not limited and the court did not owe the Commonwealth a heightened degree of deference. We do not apply close scrutiny; instead, we review for abuse of discretion. An abuse of discretion occurs when the court based its decision on a "clearly erroneous finding of material fact, or if it did not apply the correct law," *Pangelinan v. Itaman*, 4 NMI 114, 118 (1994), or when the record is "devoid of competent evidence to support the decision of the trial court." *Robinson v. Robinson*, 1 NMI 81, 89 (1990). In testing the sufficiency of the evidence, we take it in the "strongest manner in favor of the appellee and in support of the court's findings." *Id*. We will not disturb a judgment when there is any reasonable evidence to support it. *Id*.

### B. The question of bad faith only applies to denials of leave to dismiss.

¶ 10     Rule 48(a) requires the prosecution to seek leave to dismiss so that the court may provide a check on prosecutors who move to dismiss for bad faith reasons. *United States v. Salinas*, 693 F.2d 348, 351 (5th Cir. 1982). The decision to terminate a pending criminal case should not be disturbed unless it is "clearly contrary to manifest public interest," which generally refers to the harassment of a defendant through the bad faith dismissal of charges. *Id*. at 351–52; *United States v. Bernard*, 42 F.4th 905, 909 (8th Cir. 2022) (stating that the leave of court provision is "no blank check for second-guessing charging decisions," and "for a dismissal to be clearly contrary to manifest public interest, the prosecutor must have had an illegitimate motive rising to the level of bad faith.") Here, the court found that it was bad faith for the prosecution to dismiss without prejudice, given the alleged victim's recanted accusation, stating:

> [T]he Government's motion to dismiss without prejudice is made in bad faith when the Government moves for dismissal without prejudice in order to maintain temporal jurisdiction for prosecution against a defendant knowing the sexual assault charge is not well-founded, and the Government admits that if the case were to proceed to trial it could not prove its case beyond a reasonable doubt because the sexual contact was consensual.
> Appendix at 136.

¶ 11     The determination that the Rule 48(a) motion was made in bad faith is incorrect for two different reasons. First, the question of bad faith is aimed at the prosecution's motivation for bringing the Rule 48(a) motion, not its decision to maintain the case. Second, the court's discretion is limited to instances of bad faith only when it denies leave to dismiss, not when it grants dismissal.

### 1. The motion to dismiss was not made in bad faith.

¶ 12     In its seminal decision on bad faith and Rule 48(a) motions, the United States Supreme Court clarified that the salient issue is not whether the decision to prosecute was made in bad faith, but whether the prosecution's efforts to

terminate the prosecution are tainted with impropriety. *Rinaldi v. United States*, 434 U.S. 22, 30 (1977). Consequently, the question of bad faith only analyzes the prosecution's reasons for wanting to end the prosecution, not its reasons for bringing or maintaining the prosecution. *Id*. In *Rinaldi*, the district court denied Rule 48(a) dismissal on the basis of bad faith because the prosecutor had previously misrepresented that he had been instructed to pursue the prosecution in spite of federal policy to the contrary. *Id*. at 25–26. On appeal, the Supreme Court reversed the district court because the purpose of the Rule 48(a) motion to dismiss was to correct the error in bringing a case contrary to federal policy in the first place, which was not an improper motivation. *Id*.

¶ 13     *Rinaldi* demonstrates that the question of bad faith relates only to the prosecution's reason for requesting dismissal. The prosecution's reason for requesting dismissal *without prejudice* is not meant to be part of the court's analysis. By contrast, the lower court's finding of bad faith was based on its determination that the Commonwealth wanted to maintain jurisdiction over a case despite "knowing the sexual assault charge is not well-founded." Appendix at 136. Even if it were appropriate for a court to weigh the evidence in such a way at this stage—which it is not, *infra* at ¶ 23—the court would still have been off the mark because the question is not whether the Commonwealth wants to prosecute a case that is or is not well-founded, but whether the decision to dismiss the case was tainted with impropriety. The decision to dismiss a case after concluding that a change in the available evidence makes it difficult to proceed is not a bad faith reason to dismiss. The motion to dismiss was inconclusively vague, stating only that it was "in the interest of justice" to dismiss the case. Appendix at 14. However, the Commonwealth later acknowledged that the alleged victim's changed testimony led it to conclude that it could not prove its case at trial. *Id*. at 72.[3]

### *2. When the court grants dismissal, the question of bad faith is not the only relevant consideration.*

¶ 14     The parameters of bad faith, though well adapted to limiting the court's discretion to deny leave to dismiss, are inapposite to the court's discretion to set reasonable terms of dismissal. The purpose in limiting discretion to deny leave to dismiss is to prevent intrusions on the executive's power to determine when to maintain a prosecution, except for when it would be "clearly contrary to manifest

---

[3]     The Commonwealth argues the court failed to apply a presumption of good faith when it required the prosecution to offer good faith reasons for its motion in response to Onopey's claim that the motion was made in bad faith. Appellant's Br. at 17. While it is true that the government is entitled to a presumption of good faith when moving to dismiss under Rule 48(a), that presumption is rebuttable. *United States v. B.G.G.*, 53 F.4th 1353, 1362 (11th Cir. 2022). "[I]f a defendant contests dismissal [on the basis of bad faith] . . . the district court errs by not requiring the prosecution to furnish more than a conclusory reason to support its motion." *United States v. Welborn*, 849 F.2d 980, 985 (5th Cir. 1988). The lower court did not fail to afford the prosecution a presumption of good faith.

public interest," such as in cases of bad faith. *Gonzalez*, 58 F.3d at 462; *Bernard*, 42 F.4th at 909. When the court grants a motion to voluntarily dismiss under Rule 48(a), it is neither forcing the government to prosecute nor prohibiting it from doing so. The court may still abuse its discretion when granting dismissal under Rule 48(a), but the question of bad faith is not the exclusive basis for analyzing whether an abuse occurred.

### C. The court did not err in dismissing with prejudice.

¶ 15    The Commonwealth argues that Rule 48(a) allows it to dismiss a criminal charge without prejudice and later refile based on the same or similar charges. Appellant's Br. at 28. While this statement is true, it does not specify what limitations there are, if any, to the prosecution's ability to refile a charge that was dismissed. For that proposition, the Commonwealth relies on *United States v. Rainieri*, stating that "Rule 48(a) dismissals are without prejudice and permit the government to reindict within the statute of limitations." Appellant's Br. at 28 (citing *Raineri*, 42 F.3d 36, 43 (1st Cir. 1994)). There are two propositions implicit here: (1) that all Rule 48(a) motions are without prejudice, and (2) that the Commonwealth may refile any time before the statute of limitations has run. Both are incorrect.

¶ 16    As to the first proposition, the First Circuit in *Rainieri* clarifies that "*[c]ustomarily*, Rule 48(a) dismissals are without prejudice and permit the government to reindict within the statute of limitations." *Id*. (emphasis added). The use of the word "customarily" indicates that Rule 48(a) dismissals are not always made without prejudice and suggests that there may be restrictions, other than the statute of limitations, on the prosecution's power to refile charges. In *Rainieri*, after a defendant had pled guilty to three charges, the district court granted the government's motion to dismiss one of the charges without prejudice. *Id*. at 38–42. On appeal, the First Circuit found that the district court's failure to dismiss the charge with prejudice created a "threat of unfairness . . . so severe" that it remanded the case to either be dismissed with prejudice, or to go to trial, as the defendant had requested. *Id*. at 43. Far from the Commonwealth's assertion that all Rule 48(a) dismissals must be without prejudice, *Rainieri* shows that under some circumstances it can be reversible error for the court not to order dismissal with prejudice.

¶ 17    Similarly, the proposition that Rule 48(a) permits the prosecution to dismiss and refile anytime within the statute of limitations is not so simple. When questioned by the trial court, the Commonwealth affirmed its belief that the only restriction on its ability to refile is the applicable statute of limitations:

> The Court: . . . [W]hat is your general opinion, the difference between a speedy trial, right, and a statute of limitations. What is— you know, now that that this case has been charged and going to be dismissed, right, which is, I guess when there is a crime that has been committed, the government has whatever state of limitations that are granted by the statute depending on what the charge is, right?

> [Commonwealth]: Yes, Your Honor.
> The Court: So, up until that last day very day, the government can always charge it?
> [Commonwealth]: Correct, that's true[.]
> Appendix at 74–75.

¶ 18    The trial court questioned this assertion, exploring the tension that exists between a defendant's right to a speedy trial and the government's right to bring charges any time before the statute of limitations has run:

> The Court: So, when these two kinds of concepts [are] kind of bumping up against each other between the idea of defendant has a right to a speedy trial, you've already charged me, I need my day in court for better or for worse, right?
> [Commonwealth]: Yes, Your Honor.
> *Id.* at 75.

¶ 19    A defendant's right to a speedy trial under the Sixth Amendment and the protections provided by the statute of limitations are not the only relevant considerations when asking what restricts the prosecution's ability to refile charges following a dismissal. In fact, the Sixth Amendment is unrelated to the question of reindictment after dismissal, because the right to a speedy trial does not attach before the defendant is arrested or formally charged, or after the government has dropped charges in good faith. *United States v. Marion*, 404 U.S. 307, 320 (1971); *United States v. Macdonald*, 456 U.S. 1, 7 (1982). Though Onopey's Sixth Amendment right to a speedy trial attached at the time of his arrest, the Rule 48(a) dismissal means that this right is not implicated when assessing whether the Commonwealth may refile charges any time before the statute of limitations expires because, following dismissal, Onopey is "at most, in the same position as any other subject of a criminal investigation." *Macdonald*, 456 U.S. at 8–9.[4] However, "the statute of limitations *does not fully define* [a defendant's] rights with respect to the events occurring prior to indictment," *Marion*, 404 U.S. at 324 (emphasis added), or, in this case, prior to re-charging. The fact that the Sixth Amendment is not implicated in the period between the dismissal of the charge and the end of the statutory period does not mean that the Commonwealth has free rein to refile charges at any time before the statute of limitations has expired. The Due Process Clause of the Fifth Amendment would require dismissal of a refiled charge if it were shown that delay in bringing the charge "caused substantial prejudice" to the defendant's rights to a fair trial and that the delay was intentional. *Id.* Rather than defining what specific circumstances would require dismissal, the U.S. Supreme Court stated instead

---

[4]    For this reason, Onopey's concerns regarding the emotional distress caused by possibility of future prosecution, social stigma, difficulty maintaining employment, or anything unrelated to his ability to mount a fair defense, are not the sort of considerations a court should take into account when assessing whether or how long to dismiss without prejudice. *See* Appendix at 19–20, 140.

that "to accommodate the sound administration of justice to the rights of the defendant to a fair trial will necessarily involve a delicate judgment based on the circumstances of each case." *Id*. at 325.

¶ 20    Though this is not a case where the Commonwealth has refiled charges and a defendant is alleging substantial prejudice resulting from delay, *Marion* demonstrates that the statute of limitations is not the only restriction on the prosecution's ability to refile charges after dismissal. *Marion* also demonstrates that when it comes to the appropriate restrictions there is no bright line rule, and the lower court is instead required to "delicately" make a judgment regarding such restrictions on a case-by-case basis, for the purpose of protecting fundamental fairness at trial. *Id*.; *see also*, *Raineri*, 42 F.3d at 43. While we cannot say definitively what circumstances will and will not implicate fundamental fairness, it is safe to say that the question of substantial injustice and fundamental fairness, as discussed in *Marion* and *Rainieri,* relates to the defendant's right to a fair trial. As such, it is within the court's discretion when granting dismissal to consider and set reasonable terms to protect against fundamental unfairness.

*1. It is not within the court's discretion to assess the weight of the evidence when dictating terms of dismissal under Rule 48(a).*

¶ 21    Regarding reasonable terms of dismissal, it is essential to note that, while it was not bad faith to dismiss the charges when the alleged victim recanted her testimony, it would not necessarily have been bad faith to proceed with the prosecution against Onopey in spite of the recanted testimony. Witnesses may be motivated to change their testimony for many reasons, including, for example, undue influence from outside forces, fear of retaliation, or sympathy for the defendant. *See, e.g.*, *People v. Gray*, 533 P.3d 519, 532 (2023) (Groban, J., concurring) (stating that "victims of domestic violence are more prone than other crime victims to recant or refuse to cooperate after initially providing information to police," and that "ties between victim and victimizer often are the strongest emotional bonds, and victims frequently feel a sense of loyalty to their abusers."). For whatever reason, it is generally the prosecution's prerogative to determine when to maintain a prosecution and when to drop it, and it is the province of the factfinder to determine the credibility and evidentiary value of a witness's testimony. The Commonwealth would not necessarily have been operating outside of the law if it had decided to proceed to trial, put the alleged victim on the stand, and impeach her testimony if necessary. *See, e.g.*, *State v. Torres*, 2022 Ohio 3230 ¶¶ 21–26, 37 (finding a conviction based in part on a victim's statements to police was not against the manifest weight of the evidence when the victim refused to testify at trial and later recanted her statements because victims recant for "many, many different reasons.").

¶ 22    As part of the executive branch, the prosecution represents the Commonwealth, not the alleged victim of the crime, and the decision to prosecute a crime is not dictated wholly by the preferences of an alleged victim. *See* NMI CONST. art. III, § 11 ("The Attorney General shall be the Chief Legal Officer of

the Commonwealth government and shall be responsible for . . . prosecuting violations of Commonwealth law."); *State v. Whittington*, 926 P.2d 237, 241 (1996) ("A criminal action is between the State and the accused, and the wishes and actions of the victim do not control whether a prosecution should be pursued.").

¶ 23    The role of the court when assessing a motion to dismiss under Rule 48(a) is to assure fundamental fairness in the defendant's ability to mount a defense at trial, not to weigh preemptively the evidence or substitute its judgment for that of the jury. It was not proper at a Rule 48(a) motion hearing for the court to have found beyond dispute that the sexual contact between the defendant and the alleged victim was consensual. Appendix at 135. The fact that the Commonwealth never conceded that the alleged victim consented notwithstanding, whether the alleged victim did or did not consent is entirely unrelated to the questions of whether the motion to dismiss was brought in bad faith and whether dismissal without prejudice up until the statute of limitations is appropriate. Just as a court's discretion to dismiss for lack of probable cause is limited by the government's ability to present credible evidence, *see In re Commonwealth*, 2023 MP 5 ¶ 22, so too does the court's duty to protect fundamental fairness when considering a Rule 48(a) motion not extend beyond requiring the government to articulate a reason for dismissal without prejudice.

*2. The prosecution must articulate something beyond asserting that it may always refile any time before the statute of limitations has run.*

¶ 24    This case is not the first time we have dealt with an appeal following a Rule 48(a) motion. In *Commonwealth v. Brel*, the prosecution moved to dismiss under Rule 48(a) when a typhoon made obtaining the presence of a witness in time for trial unlikely. 4 NMI 200, 201 (1994). There, the Commonwealth requested dismissal without prejudice for six months, after which the dismissal would convert to a dismissal with prejudice if the charges had not yet been refiled. The trial court granted the motion, but allowed dismissal without prejudice only for 90 days, after which it would convert to dismissal with prejudice if not refiled. *Id*. at 201–202. We upheld this dismissal on appeal, finding no abuse of discretion by the court. *Id*.

¶ 25    *Brel* shows us that it is within the court's discretion to set reasonable temporal limitations on a dismissal without prejudice under Rule 48(a), and that it may modify that temporal period downward from what the prosecution requested. The court approached this question head-on in the hearing, and the Commonwealth agreed that the court has discretion to limit the amount of time that a dismissal is without prejudice:

> The Court: So, obviously, there is a lot of factors that go into that kind of consideration, okay. It is not the case, like, judge, we are waiting for some DNA to come back from the FBI lab or something that—there is additional information that we are waiting [for] and then based on that, we will kind of decide whether or not to dismiss

the case with or without [prejudice] . . . is that the case or . . . is this something different?

[Commonwealth]: . . . [W]e are not expecting that anything new is going to happen but I don't think that that goes to the actual argument whether or not this should be dismissed with or without prejudice . . . I mean obviously the court can limit the time that it's dismissed without prejudice, so for the limited time the case can be re-filed if that even happens.

Appendix at 73–74.

¶ 26     If the court may limit the time that a dismissal is without prejudice based on the prosecution's request, and even depart downward from that request, as we see in *Brel*, 4 NMI at 201–02, then the court may also dismiss with prejudice when the prosecution merely states that it is allowed to re-file any time before the statute of limitations has run. Appendix at 75. To accept the Commonwealth's argument would be to allow an end-run around the court's authority to set reasonable limitations on a Rule 48(a) dismissal to protect a defendant's right to a fair trial. If the Commonwealth had articulated any plan to recharge Onopey within the statutory period or continue its investigation, the lower court would only have discretion to dismiss with prejudice if the circumstances of the case substantially prejudiced Onopey's ability to mount a future defense—a very high bar. However, in response to the question "is there anything else that you're looking towards to say that prosecution may at some point come back[?]" the Commonwealth's response was "I don't know." Appendix at 83.

¶ 27     The Commonwealth cautions that dismissal with prejudice is a "disfavored and harsh remedy," citing our decision in *Commonwealth v. Palacios*, 2003 MP 6. Appellant's Br. at 12. *Palacios* dealt with a dismissal under NMI Rule of Criminal Procedure 48(b) when the prosecution failed to appear on the day of trial. 2003 MP 6 ¶¶ 2, 8. Courts have inherent powers under Rule 48(b) to dismiss for unnecessary delay after the defendant has been arrested or charged. For Rule 48(b) dismissals, we stated that "in dismissing an indictment with prejudice, the court allows its interest in the orderly administration of justice to override the interests of victims and the public interest in the enforcement of the criminal law." *Palacios*, 2003 MP 6 ¶ 12 (quoting *United States v. Goodson*, 204 F.3d 508, 514 (4th Cir. 2000)). Rather than prohibiting dismissals with prejudice, *Palacios* emphasizes the need to weigh the interests in favor of dismissal against the interests of victims and enforcement of the criminal law. *Id*. When the prosecution is actively pursuing a prosecution, the interests of the public and of victims typically weigh against dismissal with prejudice. On the other hand, when the prosecution has actively sought dismissal and is noncommittal regarding its plans to re-file the charges, dismissal with prejudice is significantly less harsh.

¶ 28     We set no new standard in finding no abuse of discretion when, after a full hearing on the matter, the Commonwealth's representations lead the court to dismiss with prejudice because the prosecution has no concrete plan to refile the

charges or even continue actively investigating the case. However, unless a motion was made in bad faith or retrial would be fundamentally unfair, when the prosecution can articulate something—be it a plan to continue investigating and re-file charges, a belief that circumstances will change favorably for the prosecution, or any other credible reason—the court should dismiss without prejudice for a reasonable period of time, because "the choice to forego permanently a prosecution is ordinarily made by the executive branch." *Rainieri*, 42 F. 3d at 43.

### IV. CONCLUSION

¶ 29　　Though the court, in finding that the motion to dismiss was made in bad faith, based its order in part on an erroneous understanding of the law, that error does not amount to an abuse of discretion because the court still granted leave to dismiss. Because a court has authority to set reasonable limitations upon the duration of a dismissal without prejudice, and because the lower court's inquiry during the hearing was directed in large part toward ascertaining the Commonwealth's plans to refile charges against Onopey, we find there was competent evidence to support the court's decision to order immediate dismissal with prejudice in this instance. For the foregoing reasons, the lower court's order granting dismissal with prejudice is AFFIRMED.

SO ORDERED this 11th day of October, 2024.

/s/
ALEXANDRO C. CASTRO
Chief Justice

/s/
JOHN A. MANGLOÑA
Associate Justice

/s/
PERRY B. INOS
Associate Justice

COUNSEL

Edward Manibusan, Attorney General, Saipan, MP;
J. Robert Glass, Jr., Chief Solicitor, Saipan, MP, for Appellant.

Robert T. Torres, Saipan, MP, for Appellee.

NOTICE

This slip opinion has not been certified by the Clerk of the Supreme Court for publication in the permanent law reports. Until certified, it is subject to revision or withdrawal. In the event of any discrepancies between this slip opinion and the opinion certified for publication, the certified opinion controls. Readers are requested to bring errors to the attention of the Clerk of the Supreme Court, P.O. Box 502165 Saipan, MP 96950, phone (670) 236–9715, fax (670) 236–9702, e-mail Supreme.Court@NMIJudiciary.gov.



E-FILED
CNMI SUPREME COURT
E-filed: Oct 11 2024 01:54PM
Clerk Review: Oct 11 2024 01:55PM
Filing ID: 74736169
Case No.: 2022-SCC-0022-CRM
NoraV  Borja



IN THE

# Supreme Court

OF THE

# Commonwealth of the Northern Mariana Islands

---

**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS,**
*Plaintiff-Appellant*,

*v.*

**TIM ONOPEY,**
*Defendant-Appellee*.

---

**Supreme Court No. 2022-SCC-0022-CRM**
Superior Court No. 22-0081-CR

## JUDGMENT

Appellant Commonwealth appeals the trial court's order dismissing the case against Appellee Tim Onopey with prejudice. For the reasons discussed in the accompanying opinion, the Court AFFIRMS the order of the trial court.

ENTERED this 11th day of October, 2024.

 /s/
_____
NORA V. BORJA
Deputy Clerk of the Supreme Court